Chief Justice Robertson
delivered the Opinion of the Court.
Thomas Robinson having appealed to the Circuit Court, from a judgment of a Justice of the Peace, for sixty dollars, on a warrant for retailing spirituous liquors without a tavern license — verdict and judgment for the same sum were again rendered against him, for “keeping a tippling house.” And this writ of error, brought to reverse the latter judgment, presents two questions: First — had the Circuit jurisdiction? Second — was the judgment right?
First. The Justice having adjudged against Robinson a penalty exceeding five pounds, he had a right to appeal to the Circuit Court, in virtue of the fourth section of an act of assembly of 1812 — “to increase the jurisdiction of magistrates;” which applies to cases merely penal, as well as to those more strictly civil; and to those *288 in which the justice may have transcended his jurisdiction, as well as to those in which he had cognizance.
Where a warrant charges the defendant with retailing merely, he cannot be convicted, upon an appeal, of keeping a tippling house — a different offence. A J. P. has no jurisdiction of a charge for keeping a tippling house, as the fine exceeds $50. An appeal in such case,should be dismissed, for want of jurisdiction in the J. P.
Second. An act of 1793 (2 Stat. Law, 1499,) denounced a penalty of ten dollars for either keeping a tippling house, or retailing spirits without license, in or out of doors.
An act of 1820 (Ib. 1502,) increased, to twenty dollars, the penalty for retailing spirits out of doors.
And-an act of 1831 (16. 1382,) added a penalty oí fifty dollars to that prescribed by the act of 1793, for keeping a tippling house.
Thus it is evident that any act of merely retailing spirits without license, is a specific offence subject to a fine of only twenty dollars; and that keeping a tippling house, or retailing without license in a house, kept for that purpose, is another and different offence for which the greater penalty of sixty dollars is denounced by the act of 1831.
And therefore, as the warrant charged only a retailing of spirits without license, Robinson could not'be legally convicted, on that charge, for keeping a tippling house, and moreover, the prescribed penalty for the act charged, is twenty dollars only; and, if the warrant would authorize a fine for sixty dollars for keeping a tippling house, when the charge- was simply a retailing of spirits, still, as the justice had no jurisdiction to render the judgment for sixty dolla-rs, the Circuit Court had no-authority to ,do so on the appeal, but should have dismissed the case for want of jurisdiction in the justice.
Wherefore, the judgment of the Circuit is reversed, and the cause remanded.