CASE 72—APPEAL TO CIRCUIT COURT—MAY 11.

# Klyman v. Commonwealth.

### APPEAL FROM WEBSTER CIRCUIT COURT.

1. JURISDICTION OF POLICE COURT.—The police court of a town of the sixth class, having jurisdiction concurrent with justices' courts in criminal and penal prosecutions, had no jurisdiction of this prosecution under sec. 1972 of the Kentucky Statutes against the owner of a pool table for the offense of permitting a minor to play pool on his table for compensation without the written permission of the parent of the minor, as the punishment of the offense is not "limited to a fine not exceeding $100 or imprisonment not exceeding fifty days or both," but includes in addition to a fine of $100 a forfeiture of "the right and privilege of again keeping such table," which is to be regarded as a part of the punishment in determining the question of jurisdiction.

2. APPEALS TO CIRCUIT COURT.—As the police court had no jurisdiction the circuit court should, upon appeal by the defendant, have dismissed the prosecution.

TOWERY & BOURLAND, WADDILL, NUNN & WADDILL AND EDWARD W. HINES FOR APPELLANT.

1. The evidence fails to show that appellant *knowingly* permitted a minor to play on his pool table, and for that reason the judgment should be reversed.

2. The fact that the warrant was issued for Sebree City shows that the prosecution was for violation of a city ordinance, and therefore a judgment in favor of the Commonwealth under the State law was unauthorized. Besides, there is no evidence tending to show that Sebree City had any ordinance upon which to base the prosecution.

3. The police court of Sebree City had no jurisdiction of the offense because the punishment was not limited "to a fine not exceeding one hundred dollars or imprisonment not exceeding fifty days or both." (Kentucky Statutes, secs. 1093, 1972; Cheek v. Commonwealth, 87 Ky., 46; Johnson v. Commonwealth, 90 Ky., 53.)

4. The police court having no jurisdiction the whole proceeding was void, and the circuit court should have dismissed the prosecution for want of jurisdiction in the police court. (Robinson v. Commonwealth, 6 Dana, 287; Bassett v. Oldham, 7 Dana, 168; Howard v. Jones, 2 B. M., 526.)

NOTE.—Points 3 and 4 were made for the first time in petition for re-
hearing, which was granted, the judgment having been affirmed
upon the original hearing.

WM. J. HENDRICK, ATTORNEY-GENERAL, FOR APPELLEE.

The findings of the court upon the facts will be treated as the ver-
dict of a properly instructed jury, and the facts being found,
there can be no doubt that the judgment on the law follows.

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

No question was made in this case in the police court of
Sebree City, where it was first tried, as to the jurisdiction of
that court. No such question was raised in the circuit
court to which an appeal was taken, nor was any suggestion
made to this court by counsel that the police court had no
jurisdiction of the prosecution. The question for the first
time was raised by the petition for a rehearing. This court,
therefore, did not consider the question.

Sebree City is a town of the sixth class. By sec. 3710,
Kentucky statutes, police courts of towns of that class
have jurisdiction concurrent with justices' courts in crim-
inal and penal prosecutions.

By sec. 1093, Kentucky Statutes, justices have jurisdiction
concurrent with circuit courts of all penal cases, the punish-
ment of which is limited to a fine not exceeding one hun-
dred dollars, or imprisonment not exceeding fifty days, or
both.

This prosecution is under sec. 1972, Kentucky Statutes,
whereby the appellant, the owner of a pool table, is charged
with knowingly suffering and permitting for compensation
a minor to play a game on his table, without the written
permission of the parent of the minor. The person so offend-
ing "shall be fined for each offense one hundred dollars, *and
shall forfeit the right and privilege of again keeping such ta-
bles.*"

It will be seen that the penalty for the offense is not only

a fine of one hundred dollars, but the greater one in all probability of a forfeiture of the right and privilege of again keeping such tables.

We do not think the police court of Sebree City had jurisdiction of the offense charged.

In Cheek v. Commonwealth, 87 Ky., 42, it appeared 'that the accused was convicted on the charge of being bribed to vote at an election, and was fined fifty dollars, and by the statute under which the conviction took place, he was "excluded from office and ⸾ ffrage." It was contended in that case that this court did not have jurisdiction, because under the provisions of the Criminal Code appeals are limited to cases of fines for over fifty dollars or imprisonment for over thirty days. The court held that as the judgment deprived the accused of a most sacred right, in being excluded from office and suffrage, therefore he had the right of appeal.

In Johnson v. Commonwealth, 90 Ky., 53, which was a prosecution under the same statute as in Cheek v. Commonwealth, the accused was fined ten dollars and excluded from suffrage and office. This court held that it had jurisdiction of the appeal for the reasons stated.

If in these cases this court had jurisdiction because the accused was deprived of a right in addition to the imposition of a fine, much less than the amount which gave the court jurisdiction, it must follow that, although the fine in the case at bar was no greater than by law the police court could impose, yet, as the effect of the judgment was to deprive the accused of his right and privilege of again keeping pool-tables, the penalty imposed by the statute was beyond the jurisdiction of the court.

The effect of the conviction was to deprive the accused of a franchise—a property right in addition to the fine im-

posed. Therefore, we hold the police court of Sebree City did not have jurisdiction of the proceeding. If it had no jurisdiction the appeal to the circuit court did not give that court jurisdiction, and, therefore, it had no jurisdiction to enter a fine against the accused on such appeal, and should have dismissed the prosecution for want of jurisdiction in the police court. (Robinson v. Commonwealth, 6 Dana, 287; Bassett v. Oldham, 7 Dana, 168; Howard v. Jones, 2 B. M., 526.)

The rehearing is granted and the judgment reversed, with direction that the court below dismiss the prosecution.