## Commonwealth v. Lay.

(Decided April 18, 1924.)

### Appeal from Whitley Circuit Court.

1. Indictment and Information—Legislature May Provide for Prosecution of misdemeanor by Information.—An indictment is not indispensable under Constitution, section 12, in the prosecution of an offense which was not an indictable offense at common law, and the legislature has the power and discretion to provide that any misdemeanor created by statute may be prosecuted by information.

2. Indictment and Information—Unlawful Transportation of Intoxicating Liquors Cannot be Prosecuted by Information.—Unlawful transportation of intoxicating liquor, under Acts 1922, chapter 33, cannot be prosecuted by information, in view of Ky. Stats., section 1141.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellant.

W. B. EARLY for appellee.

OPINION OF THE COURT BY W. T. DRURY, COMMISSIONER —Affirming.

On May 28, 1923, Hon. J. C. Bird, Commonwealth's attorney, filed in the Whitley circuit court an information charging Lewis Lay and Herman Pack with unlawfully transporting intoxicating liquor, on or about May 26, 1923. On the 6th day of February, 1924, the appellee, Lewis Lay, demurred to said information, which demurrer was very promptly and properly sustained by the judge of the Whitley circuit court, to which ruling of the court the Commonwealth excepted and prayed an appeal.

It is provided in section 12 of the Kentucky Constitution that "No person, for an indictable offense, shall be proceeded against criminally by information, except in cases arising in the land or naval forces, or in the militia, when in actual service in time of war or public danger, or by leave of court for oppression or misdemeanor in office." Construing this section literally, it would appear that a prosecution for an indictable offense such as, for example, a violation of chapter 33 of the Acts of the General Assembly for 1922 could not be commenced by an information unless the case came within one of the exceptions mentioned. This court held in Ford v. Moss, 124 Ky. 288, and Commonwealth v. Carter, 152 Ky. 463,

that an indictment is not indispensable in the prosecution of an offense which was not an indictable offense at common law; hence the legislature has the power and discretion to provide that any misdemeanor created by statute may be prosecuted by information. L. & N. R. R. Co. v. Commonwealth, 175 Ky. 372.

However, section 1141 of the Kentucky Statutes provides, in part, that "In misdemeanor cases, where the highest penalty that may be imposed is a fine of one hundred dollars and imprisonment for fifty days, the offender may be prosecuted by warrant, as provided in the Criminal Code, or by information filed by the Commonwealth's attorney or county attorney in the circuit court, or before the county judge, or a justice of the peace, or police or city judge," but this statute confines the misdemeanor cases that may be prosecuted by information to that class in which the highest penalty that may be imposed is a fine of one hundred dollars and imprisonment for fifty days, and as the highest penalty that may be inflicted in the present case is three hundred dollars and sixty days in jail, it follows that the unlawful transportation of intoxicating liquor cannot be prosecuted in a circuit court by means of information. The judgment is therefore affirmed.