## Ragland v. Commonwealth.

(Decided September 30, 1924.)

### Appeol from Hopkins Circuit Court.

1. Criminal Law—Where Continuance for Absent Witnesses Refused, Defendant Not Entitled to have Affidavit as to their Testimony Read as True.—In view of Criminal Code of Practice, section 189, subsection 1, where continuance for absent witnesses is refused, court is not required to instruct jury to accept statements in affidavits concerning what such witnesses would state as true; state only being compelled to admit, in order to prevent continuance, that absent witnesses would, if present, testify as alleged in affidavits.

2. Searches and Seizures—One Disclaiming Ownership to Suit Case could Not Complain of its Search by Officer Without Warrant.—One disclaiming ownership of suit case standing near her could not complain of its search by officers without search warrant.

3. Arrest—Criminal Law—After Lawful Arrest, Officer May Search Person and Baggage of Person Apprehended for Contraband Liquors Without Warrant.—When officer makes lawful arrest, he may search person and baggage of person apprehended, and, if he find contraband liquor, his evidence is competent upon trial of another charged with violating prohibition laws.

4. Indictment and Information—Indictment Not Indispensable in Prosecution of Offense Not Indictable at Common Law.—Indictment is not indispensably necessary, under Constitution, section 12, in prosecution of an offense not indictable at common law,

and offense under Rash-Gullion Act may be prosecuted by warrant, notwithstanding Criminal Code of Practice, section 306.

H. F. S. BAILEY and COX & GRAYOT for appellant.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Affirming.

On the arrival of the train for Nortonville at 3:25 a. m., appellant, Alberta Ragland, carrying a handbag, alighted and walked off several steps from the train and was standing alone when the chief of police of the town came along and inquired of her whose bag it was that sat near her feet. Appellant declared she did not know whose bag it was; that it was not hers. Thereupon the officer said, "If no one claims it, I will take it with me," and carried it away. Immediately before the officer came to where appellant stood he had arrested a colored man named Robert Owen for being drunk. The drunk also carried a suitcase or handbag. The officer proceeded immediately with his prisoner and two bags to the jail. After locking up Owens he looked into the bag which he took from him and found it contained a jug full of whiskey. Later he looked into the bag which he found near appellant and it contained one or more jugs of whiskey. At the trial in police court appellant testified that neither of the bags belonged to her; that she did not know whose they were and that she had no connection with the whiskey. She did not testify on the trial in the circuit court, to which she prosecuted an appeal. The Commonwealth introduced Robert Owen as a witness in its behalf and proved by him that he was on the train arriving at Nortonville about 3:25 a. m., and that he saw appellant on the train with a man; that she had with her the two handbags which the officer searched; that before getting off the train the woman asked her companion to ask the witness to carry one of the bags off the train for her, and that he did so at her request, not knowing what the bag contained. He said he was drunk, but as he came off the train he looked back and saw appellant coming off the train with the bag which was found at her feet a few minutes later by the officer; that the bag found by the officer at appellant's feet was the same she had on the train and the one she was carrying off the train when he last saw her.

The case was submitted to the jury and a verdict returned finding Roberta Ragland. guilty and fixing her punishment at a fine of $200.00 and thirty days in the county jail. She prosecutes this appeal.

She first insists that the affidavit which she filed for a continuance should have been read to the jury as true; that the court erred to her prejudice in declining to instruct the jury to accept the statements in the affidavit concerning what certain witnesses named therein would state in her behalf, as true. This insistence cannot be maintained. Subsection 1 of section 189 of the Criminal Code, among other things, provides that when an application is made by a defendant for a continuance, based upon an affidavit stating the absence of one or more material witnesses, and the fact which said absent witnesses would, if present, prove, the attorney for the Commonwealth shall not be compelled, in order to prevent a continuance, to admit the truth of the matter which it is alleged in the affidavit such absent witnesses would prove, but only that such absent witness or witnesses would, if present, testify as alleged in the affidavit.

Construing this section we have held in the case of Ross v. Commonwealth, 24 R. 1621, that the trial court may in its discretion refuse to permit an affidavit to be read as true and that to refuse to so hold is not reversible error unless the court abused a sound discretion. Kelly v. Commonwealth, 165 Ky. 483; Chaney v. Commonwealth, 149 Ky. 464.

She next insists that the officers had no right to make a search for intoxicating liquors without a search warrant, or "unless after having first made a lawful arrest." Inasmuch as appellant disowned both suitcases she is not in position to complain that they were searched by the officer. Moreover, the colored man carrying the bag in advance of appellant was arrested for drunkenness which he confessed. When an officer makes a lawful arrest he may search the person or baggage of the person apprehended, and if he finds contraband liquor his evidence will be competent upon a trial of the offender charged with violating the prohibition laws. Ash v. Commonwealth, 193 Ky. 446.

Appellant also insists in her supplemental brief that a prosecution for a violation of chapter 33 of the Acts of 1922, known as the Rash-Gullion Act, in the police court must be by indictment, and she cites and relies upon section 1141, Kentucky Statutes, section 306 of the Crim-

inal Code, and the case of Commonwealth v. Lay, 202 Ky. 683. The act referred to specifically confers jurisdiction on the police court to try offenders against its provisions. We have recently held in the case of Commonwealth v. Lay, *supra,* that an indictment is not indispensably necessary under our Constitution, section 12, in the prosecution of an offense which was not indictable at common law, and the legislature has power and discretion to provide that any misdemeanor created by statute may be prosecuted by information. We held, however, in that case, that section 1141, Kentucky Statutes, providing that only cases in which the punishment could not exceed $100.00 and imprisonment for 50 days, alone, could be prosecuted by information because the legislature so fixed it. On the contrary, we have frequently held—a long line of cases—that an offense against the Rash-Gullion Act, such as the one under consideration, may be prosecuted by warrant as was done in this case. Hubbard v. Dorr, Police Judge, 204 Ky. 222.

We find no error prejudicial to the substantial rights of appellant and the judgment is affirmed.