## Cole v. Commonwealth.

(Decided June 13, 1930.)

E. L. COOPER for appellant.

J. W. CAMMACK, Attorney General, and DOUGLAS VEST for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS—
Reversing.

On May 11, 1929, the Honorable H. H. Rayburn, county judge of Marshall county, issued a warrant for the arrest of the appellant, Will M. Cole, for having committed the offense of unlawfully selling intoxicating liquor to one Morgan. The officer to whom it was delivered executed it by arresting appellant, and his trial thereunder came on to be heard, before the county judge who issued the warrant, on May 21, 1929, when objection was made to him presiding at the trial because under the

law fixing his compensation therefor as it then existed in this commonwealth, he was disqualified to preside for the reasons stated by the Supreme Court of the United States in the case of Tumey v. Ohio, 273 U. S. 510, 47 S. Ct. 437, 71 L. Ed. 749, 50 A. L. R. 1243, and which holding was adopted and followed by this court in the case of Wagers v. Sizemore, 222 Ky. 306, 300 S. W. 918. The county judge then vacated the bench and called the nearest justice of the peace to the county seat, Esquire W. P. Williams, to hear the case, and when it was called before him the same motion was made, based upon the same ground, and he entered an order saying, ''And the court being advised sustained said objections and ordered this prosecution transferred to the Marshall Circuit Court for trial and the warrant and all papers connected with this prosecution are hereby transferred to the Marshall Circuit Court, all of which is certified.'' The prosecution was docketed by the circuit court clerk for trial on June 25, 1929, and on that day defendant and appellant by his counsel objected to the jurisdiction of the circuit court, which was overruled, and motions were then made to quash the warrant and to dismiss it, both of which were overruled, followed by a demurrer filed thereto, which was also overruled, with exceptions in each case, and a trial followed resulting in appellant's conviction, with an attached punishment of $100 fine and 30 days' confinement in the county jail.

Defendant's motion for a new trial was overruled and this motion for an appeal by him seeks a reversal of the judgment upon the sole ground that the circuit court erred in overruling his motions supra, and in assuming jurisdiction of and trying the case on the original warrant issued by the county judge, and which, of course, involves a denial on the part of appellant of the right of the circuit court to originally try him on the charge with which he was accused when it was made and contained only in the warrant issued by the county judge.

The right of the prosecution to submit the case to the Marshall county grand jury for indictment, and to try appellant if one was returned after the transfer of the case from the Marshall quarterly court, is not and we do not think it could be questioned if such a course had been pursued; nor is it, or could it be questioned that the circuit court would have jurisdiction and could try appellant on the warrant issued by the county judge if the case had been carried to the circuit court *by appeal* and

wherein there is a de novo trial of the same case in the circuit court to which the appeal was prosecuted. But we do not have before us either of those states of fact and the question sharply presented is: Whether this original and final trial in the circuit court could be had when the charge was preferred only by a warrant issued by an inferior court having jurisdiction to issue it?

Section 1141, of our present statutes, which is section 15 of chapter 182, page 756 of the Sessions Acts of 1893, prescribes that upon a misdemeanor charge wherein the highest penalty that may be imposed is a fine of $100 and imprisonment not exceeding 50 days, the offender may be prosecuted by warrant or by information, the latter of which may be filed by the commonwealth's attorney or the county attorney, in circuit courts as well as those of inferior jurisdictions; but when the prosecution is instituted by an *information* it must be signed by the commonwealth's attorney or the county attorney who inaugurates and files it. In the case of Lakes v. Goodloe, 195 Ky. 240, 242 S. W. 632, we held that section 41 of our 1922 statutes (Acts 1922, c. 33) commonly known as the "Rash Gullion" Act (section 2554a-41, Ky. Stats.) and which, with later amendments, now constitutes our prohibition statute, repealed section 1141 supra, and sections 9, 10, and 306 of the Criminal Code of Practice, in so far as they limit the jurisdiction and prescribe for the procedure in inferior courts with reference to certain violations of the prohibition statute, of which the present prosecution is one, but that such sections were left by section 41, of the act, supra (now section 2554a-41, Kentucky Statutes), in full force and effect as to prosecutions of liquor violations in circuit courts and following such interpretation it was therein held that where the offense, though prosecuted in an inferior court to the circuit court having jurisdiction thereof, where the maximum penalty was above $100 and 50 days' confinement in the county jail as prescribed in section 1141, supra, the prosecution could not be inaugurated by *information*, but (in such inferior courts) must be preferred by warrant.

In the case of Commonwealth v. Lay, 202 Ky. 683, 261 S. W. 7, we held that prosecutions for violations of the prohibition statute "can not be begun in circuit courts except by indictment because such prosecutions could not be commenced therein by warrant nor by information since the maximum fine would exceed the

amount for which information could be filed under the provisions of section 1141 of the statute.'' In the case of Hubbard v. Dorr, 204 Ky. 222, 263 S. W. 736, we held and clearly pointed out that the offense we are now dealing with could be prosecuted in *inferior* courts by warrants duly issued, and in that opinion the Lakes and Lay cases supra were analyzed and reconciled, and in the course of the opinion we said:

"It is true we held in Lay's case that by reason of section 1141 of the statutes, which by its terms applies to all trial courts alike, the prosecution of an offense against chapter 33, supra, cannot be begun in circuit court except by indictment, and in the Lakes case, that by reason of section 41 of chapter 33, supra, offenses against that act may be prosecuted by warrant in courts inferior to circuit courts. But this is due not to any inconsistency in these opinions, but to the fact, as is explained in the Lakes case, that section 41, supra, repeals section 1141 of the Statutes, as well as sections 9, 10, and 306 of the Criminal Code, in so far as they limit the jurisdiction of, and prescribe the procedure in, inferior trial courts with reference to violations of chapter 33 of the 1922 Acts, and leaves them in full force and effect in so far as such prosecutions in circuit courts are concerned."

In the later case of Ragland v. Commonwealth, 204 Ky. 598, 265 S. W. 15, we again held that prosecutions for such offenses might be commenced in inferior courts by a warrant, but should be commenced by an indictment in the circuit court in all cases where the maximum punishment exceeded a fine of $100 and confinement in the county jail for 50 days, since in that case no information could be filed in the circuit court because of the provisions of section 1141, supra, of the statutes and which we so held in the Lakes case supra.

From the opinions referred to the law seems to be well settled (1) that courts inferior to the circuit court have jurisdiction for violations of the prohibition statute concurrent with the circuit court in every case where the maximum punishment does not exceed a fine of $300 and imprisonment in the county jail not exceeding 60 days, (section 2554a-41 present statutes), and that prosecutions therein may be had upon warrant duly issued, but

not upon *information* filed, unless the maximum penalty did not exceed a fine of $100 and confinement in the county jail for 50 days (but the possible fine in the instant offense exceeded that amount and the prosecution by warrant was rightfully begun by the county judge and could not have been commenced by an information) and (2), that the prosecution in the circuit court, unless by appeal from an inferior court, must be instituted by an indictment and not by information, in all cases where the maximum punishment exceeds $100 and confinement in the county jail more than 50 days, since in that case a prosecution by information could not be commenced under the provisions of our present statutes, there being no pro tanto repeal of section 1141, supra, with reference to liquor prosecutions anywhere in the prohibition act.

It is true in the case of L. & N. R. R. Co. v. Commonwealth, 175 Ky. 372, 194 S. W. 315, it was held that a railroad company might be prosecuted by *information* filed in the circuit court for the offenses denounced by section 772a-1 of our present statutes when the maximum penalty was fixed by section 772a-2 at a fine far in excess of $100, but that was because the next section, 772a-3, prescribes that, ''The penalties herein denounced may be recovered by indictment in the circuit court of any county through which the track of such railroad extends, or by information lodged by the county or Commonwealth's attorney or by an ordinary suit for penalties.'' As above seen, we have no such enabling statute with reference to prosecutions by *information* for violations of the prohibition statute, and the statute and the opinions supra have settled the practice as outlined in subdivisions (1) and (2) supra. It, therefore, follows that the court erred in assuming jurisdiction to try appellant on the original hearing had therein upon the warrant issued by the county judge of Marshall county, and it should have referred the case to the grand jury and if an indictment was returned to try appellant thereon.

However, under the present condition of the law the county judge would *now* have the right to try appellant on the charge preferred in the warrant, the reasons for the disqualification of that officer, as stated in the Tumey and Sizemore cases supra, having been removed, by the enactment of chapter 22, Session Acts, page 150, of the 1928 session of the General Assembly. That statute repealed the prior law allowing inferior judges fees and percentages as compensation for presiding at the trial

of such cases, and which disqualified them under the Tumey and Sizemore opinions supra, and substituted therefor a salary for presiding at the trial of criminal cases to be fixed by the fiscal court of each county, and which statute we held in the case of Adams v. Slavin, 225 Ky. 135, 7 S. W. (2d) 836, to be valid and applicable to county judges elected *after* its taking effect; but not so with reference to county judges in office at the time it was passed. The present county judge of Marshall county came into office after the taking effect of that statute and the objections found in the Tumey and Sizemore cases, supra, to his presiding at the trial of appellant no longer exist. Therefore, upon the return of this case to the circuit court, the prosecution may be remanded to the county judge of Marshall county for trial.

For the reasons stated, the motion for appeal is sustained, the judgment is reversed, with directions to set it aside, to sustain the motion for a new trial, and for proceedings consistent with this opinion.

Whole court sitting.