## Singleton v. Commonwealth.

January 30, 1948.

J. B. Johnson, Judge.

R. L. Brown and Joe S. Feather for appellant.

Eldon S. Dummit, Attorney General, and Guy H. Herdman, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CLAY, COMMISSIONER—Reversing.

This is an appeal from a judgment of the Whitley Circuit Court ordering the confiscation and sale of an automobile owned by appellant. The automobile, while in the possession of one Whitaker, was seized when he was arrested for illegally transporting alcoholic beverages in local option territory. Whitaker was later convicted of this offense, served a sentence, and paid a fine.

On this appeal appellant presents three grounds for reversal, but we deem it necessary to consider only the contention that the conviction of Whitaker was void.

On May 30, 1946, Whitaker was arrested for intoxication while operating appellant's automobile. After his arrest the vehicle was searched, and three one-half gallon jars of moonshine whiskey were found. The next day he was taken before a Justice of the Peace who issued a warrant of arrest for possessing intoxicating liquor in local option territory. At Whitaker's request the case was transferred to the Circuit Court where he insisted upon an immediate trial, though the Grand Jury was not in session and no indictment had been returned. A trial was had without indictment, and the jury found him guilty, imposing a fine of $100 and 30 days' imprisonment.

Subsequently appellant filed an intervening petition in the case, alleging that the automobile driven by Whitaker was owned by him; that it had been loaned to Whitaker; but that its use for the purpose of transporting intoxicating liquor was without appellant's knowledge, consent or acquiescence.

Hearing was thereafter held by the Court on this intervening petition, at which appellant introduced tes-

timony on his behalf. The Commonwealth introduced no evidence. The Court considered the evidence presented at the trial of Whitaker, and upon final submission, ordered the sale of appellant's automobile.

Section 242.360, KRS, provides in part as follows:

"(1) When a peace officer discovers any person in dry territory in the act of illegally possessing or transporting alcoholic beverages in any vehicle, he shall at once seize the vehicle and any and all alcoholic beverages found in it and arrest any person or persons in charge thereof.

"(2) Upon conviction of a person arrested under subsection (1), the court shall order the vehicle seized sold at public auction unless the owner of the vehicle proves that it was being used without his knowledge, consent or approval."

The contention made by appellant is that under the above statute, a valid conviction of the person arrested is a condition precedent to the right of the Commonwealth to confiscate and sell the vehicle involved. It is urged that the conviction of Whitaker was void because he was not prosecuted by indictment in the Circuit Court.

Section 9, Kentucky Criminal Code, provides that all public offenses may be prosecuted by indictment, except in certain cases not important here. Section 455.-080, KRS, provides in substance that persons charged with misdemeanors may be prosecuted by warrant or information *where the highest penalty that may be imposed is a fine of $100 and imprisonment for 50 days.* Section 242.990, KRS, provides a maximum penalty for the offense of which Whitaker was convicted *of a $100 fine and 60 days' imprisonment.*

The above statutory and the code provisions make the offense of which Whitaker was charged an indictable one. He was not prosecuted by indictment.

It is elementary that a court must have jurisdiction of the subject matter of an offense and of the person of the defendant. The former cannot be acquired by the consent of the accused, although the latter may be. 14 Am. Jur., "Criminal Law," Section 214.

As stated in 27 Am. Jur., "Indictments and Information," Section 3, page 585:

"The weight of authority supports the view that an indictment in proper form, being a prerequisite of jurisdiction and a matter in which the state is interested, is not subject to waiver by an accused, where indictment is made the proper method of prosecution by the Constitution or statutes of the jurisdiction."

The reason for the rule is well stated by the New York Court of Appeals in People ex rel. Battista v. Christian, 249 N. Y. 314, 164 N. E. 111, 61 A. L. R. 793. In that case the defendant on a plea of guilty was sentenced to the penitentiary for burglary. He was proceeded against by information at his request and in conformity with a state statute. The Constitution of New York, however, provided that no person should be held to answer for an infamous crime unless on presentment or indictment of a grand jury. The statute was held to be unconstitutional and the defendant's conviction a nullity. The Court stated, 164 N. E. page 112:

"From this mass of opinions and decisions, the rule can be deduced that waiver is not permitted where a question of jurisdiction or fundamental rights is involved and public injury would result. A privilege, merely personal, may be waived; a public fundamental right, the exercise of which is requisite to jurisdiction to try, condemn, and punish, is binding upon the individual, and cannot be disregarded by him. The public policy of the state as expressed in the Constitution takes precedence over his personal wish or convenience. Article 1, sec. 6, proceeds far beyond the point of conferring a mere personal privilege. Unqualifiedly, it prohibits the trial of any one charged with infamous crime except on presentment or indictment by a grand jury. Until the grand jury shall act, no court can acquire jurisdiction to try."

In Commonwealth v. Adams, 92 Ky. 134, 17 S. W. 276, the defendant was indicted for forgery. The Court with the consent of the defendant changed the charge in the indictment from forgery to obtaining goods under false pretenses. In deciding that the Court had no right or authority to change the indictment even with the con-

sent of the defendant, the Court stated, at page 135 of 92 Ky., at page 277 of 17 S. W.:

"The law creates courts and defines their powers. Consent cannot authorize a judge to do what the law has not given him the power to do. The act of the court in this instance was not a mere irregular exercise of a power. If so, consent would have cured it. But it was an act beyond its power.

"It is the sole province of the grand jury, under our law, to find an indictment. It, and not the court, must say upon what charge the party shall be arraigned. The grand jury had not accused the defendant of obtaining goods under false pretenses, but with the crime of forgery; and the judge had no power to assume its duties, and alter the charge as fixed by it. There is a total want of power to thus act."

In Commonwealth v. Lay, 202 Ky. 683, 261 S. W. 7, an attempt was made to prosecute defendant by information for unlawfully transporting intoxicating liquor, as in this case. A demurrer to the information was sustained on the ground that the statute limited prosecution by information to a class of cases which provided a less penalty than that which could be imposed for the offense charged. It was held that a defendant could not be prosecuted for unlawful transportation of intoxicating liquor in a Circuit Court by means of information. The statute involved in that case was Section 1141 of the Kentucky Statutes, which has been superseded by Section 455.080 above referred to.

Our statutes do not give the Circuit Court jurisdiction to try the offense committed by Whitaker on a warrant of arrest. The only authority of the court to proceed is based on an indictment. This is an essential element of the subject matter. Such jurisdictional requirement cannot be waived by the defendant. It is our conclusion that the conviction of Whitaker was void, and the Commonwealth cannot confiscate appellant's property without a valid conviction.

The Commonwealth does not attempt to defend the validity of this conviction, but insists that appellant waived that question when he failed to allege that it was void in his intervening petition. We see no merit in

this contention. Confiscation of appellant's property is only authorized after a conviction of the party alleged to have committed the offense. This is the foundation of the Commonwealth's right. A void conviction is no conviction. Since its validity depended upon jurisdiction, and since jurisdiction could not be waived or conferred by consent or agreement, the question could be raised at any time. Richie and Griffith v. Commonwealth, 229 Ky. 654, 17 S. W. 2d 738.

The judgment is reversed for proceedings consistent herewith.