## RITTER v. BRUCE, Clerk of Boyle Circuit Court.

Court of Appeals of Kentucky.
May 8, 1951.

Marvin J. Sternberg, Louisville, for appellant.

James F. Clay, Danville, for appellee.

CULLEN, Commissioner.

Appellant, James T. Ritter, filed this action in equity in the Boyle Circuit Court, against the clerk of that court, seeking to have declared void a judgment of that court imposing a fine and imprisonment upon Ritter for the offense of illegally transporting alcoholic beverages for the purpose of sale in dry territory. The action further seeks to enjoin the circuit clerk from taking any steps to enforce the criminal judgment by issuance of execution or otherwise, and prays that there be released and surrendered to the plaintiff a 1947 Chevrolet automobile belonging to him, which he alleges the arresting officers "took in their possession and confiscated" at the time of his arrest, and which he alleges had a value of $1,500.

The petition sets forth that Ritter was arrested in Boyle County and charged with the offense of illegally transporting alcoholic beverages for the purpose of sale in dry territory; that after his arrest a warrant was issued by the Boyle "County Court" (obviously meaning the quarterly court) charging him with the offense; that he was tried and convicted in the Boyle County Court on the warrant; that he then appealed to the Boyle Circuit Court, where he was tried de novo on the warrant, and was again convicted; that the judgment of the circuit court imposed upon him a fine of $100 and imprisonment in the workhouse for 60 days; that at no time was an indictment issued, charging him with the offense for which he was tried; that the offense for which he was tried was beyond the jurisdiction of the quarterly court because the penalty imposable for the offense was in excess of the jurisdictional limits imposed by statute; that the circuit court acquired no jurisdiction, by appeal from the quarterly court, to try him on a warrant, and that the circuit court judgment was void because not based upon an indictment.

The petition does not allege that Ritter's automobile was sold, or that any order or judgment was entered by either the quarterly court or the circuit court with respect to the automobile, or that any judicial action is threatened to be taken concerning the automobile. It merely alleges that the automobile was taken into posses-

sion and confiscated by the arresting officers.

A general demurrer to the petition was sustained. Plaintiff filed an amended petition adding only an allegation that Boyle County was dry territory, and a general demurrer to the amended petition was sustained. Plaintiff declined to plead further, and judgment was entered dismissing the action.

Appellant's contention on this appeal involves a chain of reasoning that may be summarized as follows:

1. By virtue of KRS 242.360, the forfeiture of the vehicle of a person convicted of illegally transporting liquor in dry territory constitutes part of the penalty for the offense.

2. Under KRS 242.990(1), the offense in question is punishable by a fine of not more than $100 and by imprisonment for not more than 60 days, to which must be added the penalty of forfeiture of vehicle.

3. Under KRS 242.990(3), the jurisdiction of the quarterly court is limited to cases where the maximum penalty that may be imposed is a fine of $100 and imprisonment for 60 days.

4. In any case where a vehicle has been seized by the arresting officers, the potential penalty of forfeiture of the vehicle, when added to the penalty of fine and imprisonment, exceeds the jurisdictional limits prescribed for the quarterly court, with the result that the quarterly court has no jurisdiction to try the offense.

5. The quarterly court in this case did not have jurisdiction to try the appellant, and therefore the appeal to the circuit court could not confer on the circuit court jurisdiction to try appellant on the warrant on which he was tried in the quarterly court.

6. The value of the automobile subject to forfeiture, when added to the maximum fine imposable for the offense charged, exceeds the jurisdictional limits within which a circuit court may act upon warrant or information, under KRS 455.080; therefore the circuit court would not have had jurisdiction to proceed in this case by warrant had the prosecution originated in the circuit court.

We are of the opinion that there is merit in the appellant's contention.

KRS 242.360 provides in part as follows:

"(1) When a peace officer discovers any person in dry territory in the act of illegally possessing or transporting alcoholic beverages in any vehicle, he shall at once seize the vehicle and any and all alcoholic beverages found in it and arrest any person or persons in charge thereof.

"(2) Upon conviction of a person arrested under subsection (1), the court shall order the vehicle seized sold at public auction unless the owner of the vehicle proves that it was being used without his knowledge, consent or approval."

It thus appears that the forfeiture of a vehicle seized under this statute involves the personal conviction of the offender, and that forfeiture follows as a consequence upon a finding of guilt. In Eagle v. Burks, 304 Ky. 617, 201 S.W.2d 890, it was held that the forfeiture of a vehicle provided for under the Alcoholic Beverage Control Law, KRS 244.180 and 244.190, constituted part of the penalty for the offense of transporting alcoholic beverages without a permit, and therefore the quarterly court did not have jurisdiction to try the offense. We are unable to find such a distinction between the Local Option Law and the Alcoholic Beverage Control Law as would render the rule in the Burks case inapplicable to the forfeiture provided for in KRS 242.360, so it follows that when a person is arrested for illegally possessing or transporting alcoholic beverages in dry territory, in a vehicle, and the vehicle is seized by the arresting officers, the quarterly court has no jurisdiction to try the offense.

The seizing of the vehicle, under KRS 242.360, automatically increases the potential penalty for the offense of illegally transporting, and this expands the field of jurisdiction that must be exercised by the court trying the offense. If the jurisdictional limits of a particular court do not embrace the expanded field of jurisdiction, that court cannot exercise any jurisdiction.

It will make no difference that the court does not attempt to exercise the jurisdiction to adjudge a forfeiture—it has no jurisdiction to adjudge any penalty because the maximum potential penalty is beyond the jurisdictional limits of the court.

The allegation in appellant's petition that his automobile was taken into possession by the arresting officers at the time of his arrest was a sufficient allegation that a factual situation existed calling for the exercise by some court of the jurisdiction to adjudge a forfeiture of the automobile, which jurisdiction the quarterly court did not have. It was not necessary for the petition to allege that any forfeiture actually was adjudged, in order to establish the lack of jurisdiction of the quarterly court to try the offense.

Since the quarterly court did not have jurisdiction to try the offense with which appellant was charged, it is obvious that the circuit court could not acquire jurisdiction, on appeal from the quarterly court, to try the offense on the warrant issued by the quarterly court. Klyman v. Commonwealth, 97 Ky. 484, 30 S.W. 985.

Under KRS 455.080, a person charged with a misdemeanor may be prosecuted in the circuit court by warrant, only where the maximum penalty that may be imposed for the offense is a fine of $100 and imprisonment for 50 days. Here the maximum penalty exceeded those limits, without regard to the forfeiture. Therefore, the circuit court would have had no jurisdiction to proceed by warrant, even if the prosecution could be considered as one originating in the circuit court. Singleton v. Commonwealth, 306 Ky. 454, 208 S.W.2d 325.

We are of the opinion that the amended petition stated a cause of action, and that the general demurrer should have been overruled. We do not pass upon the question as to whether the petition stated any cause of action against the defendant circuit clerk with respect to recovery of the automobile, but we do hold that the petition stated a cause of action for at least some of the relief prayed for.

The judgment is reversed, for proceedings in conformity with this opinion.

CAMMACK, Chief Justice (dissenting).

Even if it be assumed that the majority opinion states the law correctly, I do not think the petition as amended alleged facts sufficient to come within the purview of the part of the statute relating to the forfeiture of the car.

MOREMEN, J., joins in this dissent.