## BODKINS v. COMMONWEALTH.

Court of Appeals of Kentucky.

Dec. 21, 1951.

**746**

Lyttle & White, Manchester, for appellant.

A. E. Funk, Atty. Gen., Guy L. Dickinson, Asst. Atty. Gen., for appellee.

STEWART, Justice.

Gilbert (Doc) Bodkins was convicted upon a warrant in the Clay Quarterly Court on July 15, 1950, on the charge of having beer in his possession for the purpose of sale in local option territory and his punishment was fixed at a fine of $100 and 30 days confinement in the Clay County Jail. In addition, he was required to execute a peace bond not to violate the local option laws in the penal sum of $1000 with good and sufficient surety thereon; and the judgment further ordered that Bodkins' 1949 Dodge Four Door Sedan automobile in which the beer was seized at the time of his arrest be forfeited and sold in accordance with KRS 242.360. After an appeal to the Clay Circuit Court, Bodkins was tried de novo on the same warrant and again convicted, the jury fixing his punishment at a fine of $100 and 60 days confinement in the county jail. The judgment of the circuit court provided for a peace bond of the type and in amount of that required in quarterly court but failed to adjudge that the automobile of Bodkins be confiscated and sold.

Bodkins moves for an appeal, urging as a ground for reversal that the judgment of the quarterly court is void for lack of jurisdiction and that the circuit court therefore acquired no jurisdiction on the appeal to try the case on the identical warrant.

 This case cannot be distinguished in principle from Ritter v. Bruce, Clerk, Ky., 239 S.W.2d 449, and the last-mentioned decision controls in every respect the facts and law of this case. The Ritter case fully discusses the question before us and we deem it unnecessary to repeat here what was there written.

Wherefore, the motion for the appeal is sustained, and the judgment is reversed with directions to the circuit court to dismiss the case.