Jim CRABTREE, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

April 29, 1955.

Hatcher & Lewis, Elizabethtown, for appellant.

J. D. Buckman, Jr., Atty. Gen., Thomas Cubbage, Leitchfield, for appellee.

HOGG, Judge.

On February 25, 1954, appellant was tried in the Hardin Quarterly Court for violating the Local Option Law, KRS 242.-010 et seq., after having been once convicted of a similar violation, found guilty, and adjudged to pay a fine of $150 and be imprisoned for 90 days. That judgment was superseded and he appealed to the Hardin Circuit Court.

The case came on for trial in the Hardin Circuit Court upon the warrant. No indictment was returned. He was there tried for the same offense, second violation of the Local Option Law, found guilty and his punishment fixed at a fine of $200 and imprisonment in the county jail for a period of 120 days. He appeals from the judgment urging that his conviction was void because the court was without jurisdiction to try him on the charge.

We look first to the question of jurisdiction of the Hardin Quarterly Court to try appellant for a second offense violation of the Local Option Law.

The punishment imposed for a second offense violation by KRS 242.990(1) is a

fine of not less than $40 nor more than $200 and imprisonment in the county jail for not less than 60 days nor more than 120 days.

■ It is provided in KRS 242.990(3) that quarterly courts shall have concurrent jurisdiction with circuit courts in the trial of all local option offenses when the penalty does not exceed a fine of $100 and imprisonment for 60 days. It is true that KRS 25.010 provides that quarterly courts shall have jurisdiction concurrent with circuit courts of all penal and misdemeanor cases where punishment is limited to a fine of not more than $500 and imprisonment for not more than 12 months. However, it is subject to the limitation in KRS 242.990, which is the Local Option Statute.

Therefore, under the specific terms of the statutes the Hardin Quarterly Court did not have jurisdiction to try accused for a second offense violation of the Local Option Law, and its judgment was, therefore, void.

■ The next question presented is whether the Hardin Circuit Court, upon appeal, had jurisdiction to try the case upon the warrant, without indictment. It seems obvious that since the quarterly court did not have jurisdiction to try the appellant, the appeal could not operate to confer jurisdiction on the circuit court to try him for the same offense. Moreover, under KRS 455.080 a person charged with a misdemeanor may be prosecuted by warrant or information in the circuit court only where the maximum penalty that may be imposed for the offense is a fine of $100 and imprisonment for 50 days. Here, the maximum penalty for the offense charged exceeded those limits. It is apparent that even though the prosecution had originated in the circuit court it would have had no jurisdiction to proceed by warrant. Klyman v. Commonwealth, 97 Ky. 484, 30 S.W. 985. The offense here was an indictable offense. KRS 455.080; Section 12, Kentucky Constitution.

This case is indistinguishable in principle from three comparatively recent cases decided by this Court; namely, Singleton v. Commonwealth, 306 Ky. 454, 208 S.W.2d 325; Ritter v. Bruce, Ky., 239 S.W.2d 449; Bodkins v. Commonwealth, Ky., 244 S.W.2d 745.

The Singleton case, supra, is controlling in this case in every respect. There, Whitaker was convicted in the Whitley Circuit Court under a warrant which had been taken before a Justice of the Peace and transferred to the Circuit Court, upon the charge of illegally possessing intoxicating liquors in dry territory. His penalty was fixed at $100 and 30 days' imprisonment. His trial was without indictment. We held that the statutes did not give the Circuit Court jurisdiction to try the offense committed by Whitaker on a warrant of arrest, pointing out that the only authority to proceed was by indictment in such a case.

The motion for the appeal is sustained and the judgment is reversed for proceedings consistent with this opinion.