**John MILLIKEN, Judge, Warren Quarterly Court, Appellant,**

**v.**

**Charlie TIMMS, Appellee.**

Court of Appeals of Kentucky.

June 24, 1960.

B. G. Davidson, Morris Lowe, Bowling Green, for appellant.

Leland Logan, E. R. Gregory, Bowling Green, for appellee.

CLAY, Commissioner.

This controversy presents the question of whether a quarterly court has jurisdiction to try an alleged offense under the local option law when alcoholic beverages in the possession of the defendant were seized at the time of the arrest.

The Judge of the Warren Quarterly Court determined that since the liquor seized, having a value of approximately $300, was subject to forfeiture and destruction if the defendant was found guilty, such forfeiture constituted part of the penalty and therefore the penalty would exceed

the maximum fine of $100 authorized by KRS 242.990 to be imposed by an inferior court. On the refusal of the appellant Judge to take jurisdiction, appellee defendant sought and obtained in the circuit court an injunctive order directing appellant to try him forthwith.

It is appellant's position that the jurisdictional question was determined in Ritter v. Bruce, Ky., 239 S.W.2d 449. Therein we held that since KRS 242.360 provided for the automatic forfeiture of *a motor vehicle* upon conviction of the person having it in charge, the forfeiture was a part of the penalty and the value of the property must be taken into consideration in determining the jurisdictional limits of the quarterly court.

We think the pertinent statutes make a significant distinction between *a motor vehicle* and *alcoholic beverages* subject to seizure. KRS 242.360 recognizes the former as being property of value and provision is made for its sale after conviction. On the other hand, KRS 242.380(1) provides "No property right shall exist in any alcoholic beverages obtained, possessed, held or used in violation of this chapter." Subsection (2) of this statute directs that upon conviction of the person arrested the alcoholic beverages shall be destroyed.

It is thus apparent that by operation of law the contraband alcoholic beverage loses its character as property and the judgment does not divest the defendant of anything of value. Consequently this is not a forfeiture which could constitute an additional penalty creating an excess above the $100 fine limitation. Since this type of case would nearly always involve a seizure of alcoholic beverages, any other construction would in practical effect do away with trials of the offense in the Quarterly Court, a result we cannot conceive the legislature intended.

The circuit court correctly decided the appellant Judge had jurisdiction and properly granted appellee injunctive relief.

The judgment is affirmed.