**James W. BALDWIN, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 23, 1970.

Robert E. Cato, London, for appellant.

John B. Breckinridge, Atty. Gen., David E. Murrell, Asst. Atty. Gen., Frankfort, for appellee.

STEINFELD, Judge.

James W. Baldwin was charged with transporting alcoholic beverages for the purpose of sale in local option territory. KRS 242.230. In the Rockcastle Quarterly Court a jury found him guilty and fixed his fine at $100. KRS 242.990(1). Baldwin appealed to the Rockcastle Circuit Court (KRS 23.032) where a jury returned a guilty verdict and fixed punishment at $100 fine and thirty days in jail. Baldwin appealed the judgment to this court CRCr 12.52, claiming that the quarterly court had no jurisdiction to try him because the authorized penalty included forfeiture of his automobile. KRS 242.360. We reverse.

The jurisdiction of the quarterly court is limited by KRS 242.990(3) to cases in which the maximum fine is $100 and imprisonment for sixty days. It is provided in KRS 242.360(1) that "When a peace officer discovers any person in dry territory in the act of illegally possessing or transporting alcoholic beverages in any vehicle, he shall at once seize the vehicle * * *." Subsection (2) of that statute states that "Upon conviction of a person arrested under subsection (1), the court shall order the vehicle seized sold at public auction unless the owner of the vehicle proves that it was being used without his knowledge, consent or approval."

Baldwin also contends that his appeal to the circuit court did not vest jurisdiction in it inasmuch as his original conviction was void. Additionally, Baldwin argues that the arresting officer did not have probable cause for the arrest and that the search made and the seizure of the alcoholics were not incident to a legal arrest; therefore, evidence thereby obtained should not have been admitted on either trial.

The transcript of record filed with this court includes the Rockcastle County Quarterly Court proceedings, together with the

certification that it is "* * * a true and correct copy as appears of record in * * *" that court. That record does not indicate that a motor vehicle was seized or ordered sold. The certificate of the circuit clerk made pursuant to RCr 12.-56 states that the circuit court record which was filed was complete. Nowhere is there any order directing forfeiture or sale of an automobile. However, testimony shows that the arresting officer took the keys to Baldwin's automobile and had it taken away after his arrest.

Appellant relies on Ritter v. Bruce, Ky., 239 S.W.2d 449 (1951), which held that where an automobile used in the transportation of alcoholic beverages was seized, the possibility of its forfeiture was a part of the penalty; therefore, the quarterly court had no jurisdiction under KRS 242.-990(3). We said in Ritter that "The seizing of the vehicle, under KRS 242.360, automatically increases the potential penalty for the offense of illegally transporting, and this expands the field of jurisdiction that must be exercised by the court trying the offense." Also that "It will make no difference that the court does not attempt to exercise the jurisdiction to adjudge a forfeiture—it has no jurisdiction to adjudge any penalty because the maximum potential penalty is beyond the jurisdictional limits of the court." Ritter was followed and approved in Bodkins v. Com., Ky., 244 S.W.2d 745 (1951), and in Crabtree v. Com., Ky., 278 S.W.2d 732 (1955).

In Ritter we also said that because of KRS 455.080 the action could not have originated by warrant in the circuit court. The Commonwealth admits that this case is "on all fours" with Ritter but argues that KRS 455.080 was repealed in 1962 and this action could have originated in the circuit court on information; therefore, it says the appeal there puts it in the same posture as if it was originally started there. KRS 455.080 has been partially replaced by the criminal rules. Although it was a trial de novo in circuit court, the case did not proceed on information authorized by RCr 6.-

04. Cf. Eisner v. Com., Ky., 375 S.W.2d 825 (1964). We hold that the rationale of Ritter applies. The seizure of the vehicle owned by Baldwin having been established, the jurisdiction of the quarterly court was then non-existent and the circuit court should have held the quarterly court judgment void and dismissed the proceedings. By reason of that holding, we do not reach the issue as to inadmissibility of the evidence.

The judgment is reversed.

All concur, except HILL, C. J.