**George McINTOSH, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

**No. 89–CA–000234–DG.**

Court of Appeals of Kentucky.

March 9, 1990.

Discretionary Review Denied by Supreme Court May 16, 1990.

Hugh B. Bishop, Henderson, for appellant.

Frederic J. Cowan, Atty. Gen. and Perry T. Ryan, Asst. Atty. Gen., Frankfort, for appellee.

Before CLAYTON, MCDONALD and LESTER, JJ.

CLAYTON, Judge:

This appeal arises from the conviction of McIntosh for driving under the influence (DUI) in violation of KRS 189A.010(1). He alleges that his conviction violates constitutional and statutory proscriptions against double jeopardy. We disagree, but reverse since there is a jurisdictional defect.

McIntosh was charged on June 29, 1988, with DUI and driving without insurance. He appeared thereafter, on July 5, 1988, before the trial commissioner of the Union District Court. At that time he entered a guilty plea to the DUI charge and was fined $200, paid his costs and surrendered his driver's license. There is no transcript

of the proceedings before the trial commissioner. The no insurance charge was continued in order to allow McIntosh to obtain proof of insurance.

When McIntosh reappeared before the Union District Court on July 14, 1988, on the no insurance charge, he was informed that his record from the Department of Transportation had been obtained, and it disclosed a prior DUI conviction within the previous five (5) years. As a result, the District Court imposed a sentence of seven (7) days in jail, a $350.00 fine and costs, since the June 29 incident was the defendant's second offense. We do note that McIntosh, in the record and without counsel, conceded his guilt regarding the June 29 charge. The failure to have insurance charge was dismissed upon proof of insurance.

The conviction was appealed to the Union Circuit Court. The circuit court affirmed the conviction summarily.

■ On appeal, McIntosh asserts that he was twice placed in jeopardy for the same offense. We do not reach the issue raised on appeal; however, because there has been a failure of subject matter jurisdiction. Notably, McIntosh was originally heard before a trial commissioner. A trial commissioner has the same authority as a district judge to accept a guilty plea, provided that the sentence that may be imposed is for a fine of $500 or less. SCR 5.030(a)(iii). He specifically does not have jurisdiction over cases in which a sentence of imprisonment may be imposed. Since any penalty imposed for violation of KRS 189A.010(1) involves the potential for imprisonment, a trial commissioner cannot hear a guilty plea to a DUI charge. *See Baldwin v. Commonwealth,* Ky., 459 S.W.2d 135, 136 (1970).

Even had the June 29 incident been McIntosh's first DUI, the trial commissioner would not have had jurisdiction, since the test for jurisdiction is whether the range of penalties imposable is within the limits of jurisdiction, not whether the penalty actually imposed is within those limits. *Id.* Since any DUI charge potentially involves jail time, a trial commissioner does not have jurisdiction to take a guilty plea on the charge. As a result, the guilty plea taken on July 5 was void.

■ We also find the district court's attempt to impose the proper sentence on July 14 to be void. In reviewing the transcript, it is apparent, and the Commonwealth so argues on appeal, that the district court was only amending the sentence previously imposed, not vacating the previous judgment. The district court, in this instance, could not acquire jurisdiction simply by amending the sentence on a void judgment. *See Baldwin, supra.* Instead, the district court should have vacated the void judgment of the trial commissioner, and then the proper proceedings could have been instituted in the normal course.[1] Since the district court proceeded on the void judgment, we must reverse.

We reverse the judgment against McIntosh for driving under the influence and direct that his conviction therefor be vacated.

All concur.

---

1. We do note that properly reinstituting the proceedings against McIntosh does not violate the proscriptions against double jeopardy, since the trial commissioner did not ever have jurisdiction. *See Shields v. Commonwealth,* Ky., 258 S.W.2d 520 (1953). Consequently, we do not reach the question of whether if the district court had itself accepted the July 5 guilty plea and erroneously imposed a sentence for a first offense DUI (since the Commonwealth failed to timely secure McIntosh's driving record), the district court could then subsequently impose the proper sentence without violating McIntosh's right against double jeopardy.