## Clark v. Hampton, Police Judge.

(Decided March 23, 1915.)

## Appeal from Boyd Circuit Court.

1.  Criminal Law—Preliminary Complaint, Affidavit and Warrant.—
    A magistrate is not authorized to issue a warrant of arrest with-
    out oath or affirmation made before him of facts sufficient to
    constitute reasonable grounds for believing that the accused has
    been guilty of a public offense.  The personal knowledge of the
    magistrate will not justify the issual of a warrant.  He may
    himself reduce to written form the information thus received,
    or may take an affidavit, and in either event will not be liable
    under Section 1372, Kentucky Statutes; but whether he reduces
    the information so obtained on oath or affirmation to written
    form or not, he is not liable in civil damages, where he has in
    fact so obtained it.

2.  Judges—Rights, Duties and Liabilities—Issuing Warrant of Arrest.
    —Where a police judge acts judicially and within his jurisdiction
    he is not liable in damages as for false imprisonment although
    he acts corruptly and maliciously.

3.  Statutes—Construed—Section 31, Criminal Code Partly Violative
    of Constitution.—In so far as Section 31 of the Criminal Code
    requires and justifies the issual of a warrant by a magistrate
    where from his personal knowledge he has reasonable grounds
    for believing that the accused has committed a public offense, it
    is violative of Section 10 of the Constitution, which protects the
    citizen against warrants issued except upon probable cause and
    supported by oath or affirmation.

4.  Constitutional Law—Constitutional Guaranties—Arrest for Crime.
    —Section 10 of the Constitution requires that before a warrant
    of arrest shall issue, the magistrate shall have received informa-
    tion upon oath or affirmation, sufficient to constitute reasonable
    grounds for believing that the accused has committed a public
    offense.

5.  Arrest—Arrest on Criminal  Charges—Without  Warrant.—The
    constitution does not protect against arrests without a warrant
    where authorized by law.

J. B. WILHOIT and W. E. WILHOIT for appellant.

JOHN W. WOODS for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Affirming.

Frank S. Clark instituted this action against W. J.
Hampton in the Boyd Circuit Court, alleging that the
defendant, while acting as police judge of Ashland, cor-
ruptly and maliciously, without an affidavit having been
filed before him, issued a warrant charging the plaintiff

with a felony, the offense of aiding George Adams to escape from the city prison of Ashland, the latter at the time being confined in said prison upon a charge of assault upon the body of an infant female with intent to commit a rape. He further alleged that he was arrested under the warrant so issued, and was taken before the defendant police judge for the purpose of an examination of said charge, whereupon the police judge fixed the prisoner's bond for his appearance before the court in the sum of seven hundred and fifty dollars; that he offered to execute bond with one Henry Preston as surety; that Henry Preston was a resident of Ashland and the owner of property subject to execution, in value a great deal more than sufficient to satisfy such bond; that the police judge refused to accept Preston as surety; that the prisoner thereupon tendered to the police judge seven hundred and fifty dollars in cash and offered to deposit such sum in lieu of bail, which tender and offer the police judge declined; that the prisoner thereupon offered to pay an officer selected by the court to guard him during the period of adjournment, which the police judge refused to permit to be done, and committed the prisoner to jail; that he was thereafter tried upon the charge and acquitted. For all of which the plaintiff sought damages in the sum of ten thousand dollars.

The lower court sustained a demurrer to the petition, and the plaintiff having declined to plead further, the petition was dismissed; and the case is here upon appeal.

1. The rule in this State is that, although a police judge acts corruptly and maliciously, he is not liable in damages as for false imprisonment, where he acts judicially and within his jurisdiction. McBurnie v. Sullivan, 152 Ky., 686, 153 S. W., 945. And in the matters of refusing proffered bail and in denying the prisoner's motion for guard upon his offer to pay therefor, the police judge acted judicially, and is, therefore, not liable in a civil action for damages.

2. But it is contended that the issual of the warrant was unlawful and insufficient to confer upon the police judge jurisdiction of the prisoner's person, and this question is more difficult of solution.

The allegation of the petition is that "without an affidavit having been filed before him as required by law" the police judge issued the warrant upon which the prisoner was brought before him.

Section 31 of the Criminal Code requires that a magistrate shall issue a warrant of arrest for a person charged with the commission of a public offense when from his personal knowledge, or from information given to him on oath, he shall be satisfied that there are reasonable grounds for believing the charge.

And Section 1372, Kentucky Statutes, provides that if any officer authorized to issue warrants of arrest in felony cases does so without ''having filed in his office an affidavit or information fully specifying the nature of the offense for which the warrant is issued, or unless he have personal knowledge of the commission of the offense,'' he shall be subject to a fine.

The petition does not state that the officer did not have personal knowledge of the commission of the offense; nor was it necessary that such allegation be made, for personal knowledge of the commission of the offense will not justify the issual of a warrant in any case.

Section 10 of the Constitution declares that no warrant shall issue to search any place or seize any person or thing without describing them as nearly as may be, nor without probable cause, supported by oath or affirmation.

And this constitutional declaration protects the citizen against warrants of arrest for trial as well as against search warrants; there must be oath or affirmation before the magistrate made, or he has no authority to issue a warrant of arrest. Myers v. People, 67 Ill., 503; State v. Wakefield, 60 Vt., 618; State v. Wimbush, 9 S. C., 309.

The fourth amendment to the Constitution of the United States provides that no warrants shall issue but upon probable cause supported by oath or affirmation and particularly describing the place to be searched and the person or things to be seized. And this amendment has likewise been held to extend its protection against warrants of arrest for trial as well as against search warrants. Ex Parte Buford, 3 Cranch, U. S., 448; Miller v. United States, 8 Okla., 319, 57 Pac., 836; State v. Gleason, 32 Kan., 250, 4 Pac., 363; United States v. Tureaud, 20 Fed., 621; State v. Daire, 62 Wis., 305, 22 N. W., 411; Territory v. Cutinola, 4 N. M., 160, 14 Pac., 809. See also 2 R. C. L., p. 460, 12 Cyc., 291.

The Constitution does not prohibit arrests without a warrant when authorized by law. Commonwealth v. Marcum, 135 Ky., 1, 122 S. W., 215, 24 L. R. A. (N. S.),

1194; Burroughs v. Eastman, 101 Mich., 419, 59 N. W., 817, 45 A. S. R., 419, 24 L. R. A., 859. But it does prohibit the issual of warrants unless upon probable cause supported by oath or affirmation.

So much of Section 31 of the Criminal Code as requires and justifies the issual of a warrant of arrest by a magistrate when from his personal knowledge he has reasonable grounds to believe that the accused has been guilty of a public offense, is, therefore, violative of the Constitution. And a warrant issued without preliminary oath or affirmation is unlawful and insufficient to confer upon the magistrate jurisdiction of the person of the accused. So that if a magistrate issue a warrant in a felony case upon his own personal knowledge only, and unsupported by oath or affirmation, he is liable in civil damages, although, by Section 1372, Kentucky Statutes, he is exempted from criminal liability if he have such personal knowledge.

3. The petition in the case at bar, however, fails to allege that the police judge issued the warrant complained of without the support of preliminary oath or affirmation. It is alleged that he issued it without an affidavit having been filed before him.

Neither Section 10 of the Constitution nor Section 31 of the Criminal Code requires the filing of an affidavit. The requirement is that the magistrate shall have received on oath (or affirmation) such information as shall be sufficient to constitute reasonable grounds for believing that the person charged has committed the offense for which the warrant is issued. And this is what is meant by Section 1372, Kentucky Statutes, in requiring that there be filed in the office of the magistrate an affidavit or information fully specifying the nature of the offense for which the warrant is issued. The magistrate may himself reduce to written form the information which he has received on oath or affirmation; it need not necessarily be in the form of an affidavit. But he must have received such information upon oath or affirmation; without it he has no right to issue the warrant of arrest.

It is not necessary that such information be reduced to written form by the magistrate and filed in his office in order to avoid civil liability; but, in felony cases, he must reduce it to writing or take it in the form of an

affidavit, in order to escape criminal liability under Section 1372.

The petition having failed to allege that the police judge had received such information on oath or affirmation, the demurrer was properly sustained.

Judgment affirmed. Whole court sitting.