## Vogt, Justice of the Peace v. Field, Judge.

(Decided June 20, 1922.)

### Petition for Writ of Prohibition.

Prohibition—Discretion of Magistrate.—A writ of prohibition will be granted by this court in an original action to stay a circuit judge from interfering with a magistrate in the exercise of a discretion within his jurisdiction, although his decision be erroneous.

R. RUTHENBURG for plaintiff.

MAT J. HOLT and JUDGE WILLIAM H. FIELD for defendant.

HARDIN HERR, Amicus Curiae.

Opinion of the Court by Judge Sampson—Granting writ of prohibition.

This proceeding was commenced by Andrew P. Vogt, justice of the peace for the sixth magisterial district of Jefferson county, by filing on May 11, 1922, a petition in this court praying a writ of prohibition against William H. Field, judge of a branch of the Jefferson circuit court, to prohibit the said judge from enforcing a rule issued against Magistrate Vogt prohibiting him from issuing warrants of arrest for persons charged with petty misdemeanors when the offense charged is not one of actual or apprehended violence accompanied by a breach of the peace or when he is not satisfied that the offender will escape punishment unless arrested; (2) to prohibit the said judge from further proceeding under the rule to prohibit Magistrate Vogt from charging fees in excess of the statutory allowance for issuing warrants and taking bail bonds.

It is charged in the information issued by Judge Fields against Magistrate Vogt, who is admitted to be the regularly elected and qualified magistrate for said district, that he makes a practice of issuing warrants of arrest on complaint of petty misdemeanors in disregard of sections 326 and 327 of the Criminal Code of Practice, which require that a summons only be issued unless the offense be one of actual or apprehended violence to persons or property, accompanied with a breach of the peace; or unless the justice of the peace be satisfied that there are reasonable grounds for believing the defendant will escape punishment unless arrested; that said defendant (Vogt) for issuing warrants and cross-warrants or taking bail bonds, charges fees in excess of those fees allowed by section 1731, Kentucky Statutes. This information was issued upon the affidavit of Mat J. Holt, who says he is general counsel for the Legal Aid Society of Louisville, and as such counsel has been repeatedly informed and verily believes that Andrew P. Vogt, justice, etc., is making illegal and extortionate charges in petty misdemeanor cases for issuing warrants and cross-warrants and for taking bail bonds, greatly in excess of the statutory fees for warrants and bonds as fixed by section 1731.

The case is thoroughly briefed on both sides. We do not consider it necessary to discuss but one question, and that briefly, and that is whether or not a circuit judge may by rule prohibit or punish a magistrate for acts done,

or about to be done, in his judicial capacity and of which he had jurisdiction but which judgment was or may be erroneous. This question has been answered in the negative by this court in several cases, of which the following are a few: Riley and Bealmear v. Wallace, Judge, 188 Ky. 471; Russell v. Field, Judge Jefferson Circuit Court, 192 Ky. 262. Under sections 326 and 327, Criminal Code of Practice, it is provided that if a justice be satisfied from information on oath that there are reasonable grounds for believing that a person has committed a public offense within the jurisdiction of his court, he should either issue a warrant of arrest or summons against such person; and if the justice be satisfied there are reasonable grounds for believing the defendant will escape punishment unless arrested, the justice shall issue a warrant of arrest. This clearly invests the magistrate with a discretion. He may issue a warrant for the defendant instead of a summons if the magistrate be satisfied that there are reasonable grounds for believing the defendant will escape punishment unless arrested. A superior court has no right in any case to interfere with the exercise of a discretion by a lower court within its jurisdiction, even though the lower court be in error.

There is yet another reason why the circuit judge should not have issued a rule against the magistrate requiring him to show cause why he should not issue summonses instead of warrants, and should not collect fees in excess of those prescribed by the statutes, and that is that courts of equity will not grant writs of prohibition to stay or prohibit an inferior court from acting within its jurisdiction, even though erroneously, if there be an adequate remedy at law. If a magistrate wilfully and fraudulently issues warants of arrest when he should issue summons he is guilty of malfeasance for which he may be prosecuted in the criminal courts; or, if he charges fees in excess of those allowed by statute he may not only be prosecuted and required to pay a heavy penalty but to vacate his office. The plaintiff Vogt, magistrate in and for the sixth district of Jefferson county, had not violated any rule of Judge Field's court, nor had he been guilty of any wrongdoing which would subject him to contempt proceedings in that court. He is merely charged with issuing warrants when he should have issued summonses in order that he could make a greater charge for the warrant than he could for the summonses, and with collecting fees in excess of those allowed by statute. Neither

of these things are charged to have occurred in the court of Judge Field, who acted without his jurisdiction when he undertook by rule to correct the alleged wrong which Magistrate Vogt had committed.

For the reasons indicated a writ of prohibition is directed to issue from this court staying and prohibiting William H. Field, judge of the Jefferson circuit court, from further proceeding under the information and rule issued by him against Andrew P. Vogt, justice of the peace of the sixth magisterial district.

Whole court sitting.