## Harvey v. Commonwealth.

(Decided October 26, 1928.)

## Appeal from Montgomery Circuit Court.

1. Constitutional Law.—Under Const. Ky., sec. 10, warrant for arrest of person cannot issue, unless affidavit states, not only affiant's belief that person to be arrested has committed crime, but also facts on which such belief is founded, notwithstanding Criminal Code, form 312 (Criminal Code of Practice, p. 1084), and Criminal Code of Practice, sec. 31.

2. Intoxicating Liquors.—Under Ky. Stat. Supp. 1928, sec. 2554a14, search warrant cannot issue, where affidavit states only the belief of affiant.

3. Criminal Law.—When a warrant of arrest is issued on oral information given on oath, it will be presumed sufficient to authorize issuance of warrant, and burden will be on defendant to appropriately allege and prove that showing was insufficient.

4. Intoxicating Liquors.—Affidavit stating that affiant believed that particular person committed offense of selling liquor at a stated place and time held insufficient statement of probable cause, as basis for issuance of warrant for arrest, in view of Const., sec. 10, and notwithstanding Criminal Code of Practice, sec. 31, and Criminal Code, form 312 (Criminal Code of Practice, p. 1084).

5. Criminal Law.—In prosecution for sale of liquor, tried more than a year after commission of alleged offense, admission of testimony of defendant's reputation for trafficking in liquor as of time of trial, held erroneous, under Ky. Stats. Supp. 1928, sec. 2554a15.

W. B. WHITE for appellant.

HENRY WATSON for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

There was issued by the police judge of the city of Mt. Sterling a warrant for the arrest of the appellant and defendant below, Ben Harvey, and in which he was charged with the offense of unlawfully selling intoxicating liquor. The prosecution was in the name of the commonwealth for the benefit of the city of Mt. Sterling, and for that reason the city attorney prosecuted the case in the courts below, and is doing so in this court. The sole ground for the issuing of the warrant was a written affidavit of Neal Guilfoile, which was filed with the police judge, and upon which he acted in doing so. At the trial of defendant in the court issuing the warrant, he was

convicted, and he duly prosecuted an appeal to the Montgomery circuit court. In that court, as in the police court, a demurrer filed by defendant to the warrant was overruled, as was also a motion to quash the affidavit and the warrant that was issued thereon because of the insufficiency of the former. Defendant was again convicted in the circuit court, and from that judgment he prosecutes this appeal, complaining chiefly of two errors as grounds for reversal and which are: (1) That the only affidavit, oath or affirmation upon which the police judge issued the warrant, and under which defendant was arrested and tried, was insufficient to authorize its issual and defendant's arrest and trial thereunder; and (2) error of the court in the admission of testimony by the prosecution over defendant's objections and exceptions —and which grounds will be disposed of in the order named.

1. Under ground (1), it is contended by counsel for appellant that the provisions of section 10 of our Constitution apply to warrants for the arrest and apprehension of the person of the defendant, the same as it does to the issuing of search warrants for the purpose of discovering evidence, and that, unless the requisite preliminary information is thereby furnished to the officer or court issuing the warrant of arrest, he has no authority to issue it, and, if he does so without such legally manifested information, he acts without authority, and the warrant that he issues is invalid, and should be so determined upon proper application. That section of our Constitution says:

"The people shall be secure in their persons, houses, papers and possessions from unreasonable search and seizure; and no warrant shall issue to search any place, or seize any person or thing, without describing them as nearly as may be, nor without probable cause supported by oath or affirmation."

It will be noted that the section forbids the issuing of a warrant for the seizure of any person in as mandatory terms as it forbids the issuing of a search warrant for the searching of any place or thing, unless probable cause therefor is furnished to the officer issuing the warrant, and which probable cause must be supported by oath or affirmation. The section absolutely makes no distinction between the oath or affirmation furnishing the "probable cause," between the issuing of a warrant

for the arrest of a person and one for the searching of his premises to discover guilty evidence, and our investigation of the question reveals the fact that courts and text-writers agree that there neither is, nor logically can be any distinction drawn between the two classes of warrants under the terms of the constitutional provision. Hence, in the case of Clark v. Hampton, Police Judge, 163 Ky. 698, 174 S. W. 490, it was so held by this court, and that so much of section 31 of our Criminal Code of Practice as authorized a magistrate, or a court exercising similar jurisdiction, to issue a warrant of arrest "from his personal knowledge," violated the section of the Constitution, supra, and for that reason was unconstitutional. That opinion was followed in the case of Morse v. Commonwealth, 204 Ky. 672, 265 S. W. 37 and the same may also be said with reference to so much of section 326 of the same Code as attempts to confer authority upon a justice of the peace to issue a warrant based upon his personal knowledge.

We have been unable to find any constitutional or statutory provision (which latter, of course, includes Code enactment), purporting to confer authority on inferior courts to issue warrants of arrest, and to thereby set in motion a criminal prosecution wherein a final trial and judgment may be rendered, except the two sections of the Criminal Code of Practice above referred to. In the case of Lewis v. Commonwealth, 197 Ky. 449, 247 S. W. 749, in discussing the identical question now under consideration, and in which we approved the doctrine of the Clark case, we said:

"In fact, the inhibition of the section (section 10 of the Constitution) is directed as much against the seizure of one's person without proper authority to do so as it is to the searching of any place or other thing mentioned in the section belonging to or in the possession of him. Clark v. Hampton, 163 Ky. 698 (174 S. W. 490); State v. Peterson (27 Wyo. 185, 194 P. 342), 13 A. L. R. 1284; the Youman case (189 Ky. 152, 224 S. W. 860), supra, and annotations in the same volume of A. L. R. on page 1316."

This court is not the only one that so construes similar constitutional provisions. The text in 2 R. C. L. 460, sec. 17, in discussing the circumstances under which a peace officer is authorized to arrest a person, says that at common law the gravity of the offense sometimes justi-

fied the immediate arrest without a warrant, and that in all cases such an arrest might be made if the crime was committed in the presence of the officer authorized to make it. The text then says:

"Frequently a constitutional provision expressly prohibits the issuing of warrants except on probable cause supported by oath or affirmation, and the affidavit in such cases becomes an essential basis for the issuing of the warrant; so that an arrest becomes illegal if made under a warrant not properly based upon an affidavit, and all those concerned in making the arrest may be liable as trespassers."

See, also, case of State v. Higgins, reported in 51 S. C. 51, 28 S. E. 15, 38 L. R. A. 561, and the text in 5 C. J. 395, sec. 23.

Our present prohibition statute, commonly known as the "Rash-Gullion Act," and which was passed at the 1922 session of our General Assembly, and is on page 109 of the Session Acts for that year, in its fourteenth section, and which is section 2554a14 of the 1928 Supplement to Carroll's Kentucky Statutes, requires that an affidavit for the issual of a search warrant to discover guilty evidence against one violating that act shall be in writing, and we have steadfastly held in almost innumerable cases that such an affidavit was insufficient when it *only* stated the *belief* of the affiant of the facts stated in his affidavit. Some of the cases so holding are Lakes v. Commonwealth, 200 Ky. 266, 254 S. W. 908; Colley v. Commonwealth, 195 Ky. 706, 242 S. W. 913; Dukes v. Commonwealth, 196 Ky. 60, 244 S. W. 74; Carter v. Commonwealth, 197 Ky. 400, 247 S. W. 3; Mattingly v. Commonwealth, 197 Ky. 583, 247 S. W. 938; Taylor v. Commonwealth, 198 Ky. 728, 249 S. W. 1035.

One reason for such conclusion is that, when the affidavit, which alone furnishes the probable cause for the issuing of the search warrant, goes no further than to express the affiant's belief, it states no fact for the false making of which the affiant could be prosecuted if the affidavit was false, and for that and other reasons it did not create probable cause sufficient to authorize the inferior judicial officer to issue the warrant. We have seen that the constitutional requirements for the issuing of a warrant of arrest and the seizure of a person was just as mandatory as the requirement for the issuing of a search warrant, and we repeat there can be no distinc-

tion between the two. It may be true that a warrant of arrest might issue upon information furnished by oral proof; or, in other words, that a *written* affidavit is not required for the issuing of such a warrant. But that fact does not dispense with the required contents of the oath or affirmation, although it might not be in writing but only oral.

Necessarily, when the warrant of arrest is issued upon oral information given *on oath*, it would be presumed to be sufficient to authorize the officer to issue the warrant, and the burden would be on the defendant to appropriately allege and prove that it was insufficient. We however, have no such case before us, since the only information or oath for the issuing of the warrant of arrest in this case was the written affidavit of Mr. Guilfoile, which was in this language:

"The affiant, Neal Guilfoile, says he has reasonable grounds to believe, and does believe that Ben Harvey committed the offense of selling intoxicating whisky in Mt. Sterling, Montgomery county, Ky., on the 18th day of July, 1927, by selling to. W. R. Bailey intoxicating liquors."

On motion of the prosecution it was amended by inserting therein that the alleged sale was not for any of the purposes permitted by our prohibition statute. The offered and permitted amendment did not alter the contents of the affidavit as to the existence of the facts upon which the affiant based his charge, and upon which only could the court issuing the warrant look for "probable cause."

We are not prepared to hold that such an affidavit could be amended after the warrant was issued, but we deem it unnecessary to determine that question at this time, except to say that the required contents of such an affidavit as heretofore determined by this and other courts, is a jurisdictional prerequisite to the authority of the court to issue the warrant of arrest, and that, since an affidavit not furnishing the required "probable cause" is no oath or affirmation at all, it would seem to follow that it cannot be cured, so as to validate retrospectively the warrant that was issued thereon at the time. But, however that may be, and passing the question at this time, no such amendment was offered to be made, and under the cases and authorities, supra, as well as pursuant to an unerring conclusion in the interpretation of

section 10 of our Constitution, prescribing the same requirements for the issuing of warrants of arrest as for the issuing of search warrants, we are convinced that the court in this case should have sustained the motion to quash the warrant, upon the ground that its issual was unsupported by sufficient oath or affirmation.

Counsel for the prosecution, through oversight or mistake, neglected altogether to refer to or discuss the question so far dealt with in this opinion, except to refer to form 312 on page 1084 of Carroll's Kentucky Codes, edition of 1927, and which form, of course, was gotten up by the learned compiler of the Code. It says, however, that such an affidavit to procure a warrant of arrest should be couched in this language:

> "Personally appeared before me J. S. and states that —— committed the crime of (here described the offense) in —— county, Kentucky, on the —— of ——, 19—. J. S. Subscribed and sworn to before me by J. S., this ——, 19—. ——, J. P. H. C."

—and which form is expressly stated to be in compliance with section 31 of the Criminal Code of Practice. It will thus be seen that the learned and distinguished compiler of the Code, in formulating a pattern for the proper affidavit in such cases, did so in language going far beyond the mere statement of a belief on the part of the affiant by requiring that the ultimate fact of guilt should be stated in such affidavit. It may be true, and which we have so held with reference to search warrants, that the statement of the ultimate fact of guilt is not mandatory, and is not the only manner of producing "probable cause," but that convincing circumstances and facts leading to the positive conclusion of defendant's guilt would supply the place of a statement of the ultimate fact. See Colley and Taylor cases, supra, and Jackson v. Commonwealth, 214 Ky. 166, 282 S. W. 1058. But we have no such case here, since we are dealing with only the statement of the affiant's belief with reference to the defendant's guilt, and we have held without exception that such an affidavit was insufficient to support the issuing of a search warrant, and which, as we have seen, is placed by the section, supra, of our Constitution, on an exact par with the issuing of a warrant of arrest of an individual. We therefore conclude that ground (1) is meritorious, and the court should have sustained the

motion and quashed the warrant, for the reason discussed and contained in that ground.

2. *The trial in the circuit court was had nearly a year after the date of the commission of the alleged offense. Reputation testimony of defendant for trafficking in intoxicating liquors and violations of the prohibition statute was introduced by the prosecution as of the time of the trial. Such testimony is not authorized to be introduced by the act (section 2554a15 of the 1928 Supplement of our Statutes) for the purpose of *impeaching* the credibility of the defendant, as was pointed out in the Lakes case, supra, but as a species of corroborative substantive testimony bearing upon defendant's guilt of the charge preferred against him. To have such effect, and to be so confined, it should relate to the time of the alleged commission of the offense, or to a reasonable time prior thereto. Defendant in this case may have had no such reputation at the time he was arrested, and yet acquired one between that time and the time of his trial. Clearly, such after-acquired reputation could have no effect in fulfilling the purpose of the Legislature in prescribing for its introduction, and the court should have confined it to the time above indicated.

Other alleged errors involve matters of no material importance but, for the reasons stated, the appeal is granted, and the judgment is reversed, with directions to sustain the motion for a new trial and for proceedings consistent herewith.