## Darden v. Commonwealth.

Feb. 21, 1939.

LORAINE MIX, Judge.

WILSON K. BEATTY for appellant.

HUBERT MEREDITH, Attorney General, and W. OWEN KEL-LER, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS— Affirming.

The appellant, Luther Darden, was indicted by the grand jury of Jefferson County charged with voluntary manslaughter, committed by reckless operation of an automobile on the streets and public highways. He was convicted at his trial of involuntary manslaughter and punished by confinement in the county jail for a period of twelve months, but on motion of the commonwealth's attorney, and before judgment was pronounced, his sentence was probated and judgment "withheld on condition that the defendant remain on good behavior and refrain from any similar trouble." That judgment was rendered on May 9, 1938. On December 20 of the same year appellant collided his automobile on the streets of Louisville with another traveler thereon and was arrested, charged with assault and battery. He was placed in jail in default of bond, and on the next day the Hon. Loraine Mix, Judge of the Criminal Division of the Jefferson circuit court, was made aware of the latter accusation and he issued a rule against appellant to appear before him and show cause why the probating order of his former conviction should not be revoked and set aside and judgment rendered in accordance with the guilty finding in that prosecution, which finding was made and done by the court—a jury having been waived.

An officer procured appellant from the county jail and brought him before Judge Mix on the late afternoon of that day (December 21, 1938) but appellant

made no objections whatever to the means and method by which he was brought before the court for a hearing on the proposed revoking order. He did not object to the absence of any sort of process, or any failure to issue any process, or to any other defective practice or procedure by which he was brought before the court, and a hearing was then and there had. The commonwealth's attorney representing the commonwealth introduced one Stewart, a policeman, who testified to the later assault and battery charge and which proved gross violations by the appellant of the laws governing operation of motor vehicles upon the public highways and streets of the commonwealth. Appellant offered himself as a witness upon that hearing, but the court warned him that inasmuch as he had not been tried on the assault and battery charge his testimony, voluntarily given on the instant hearing, could be used against him upon the trial of that charge, which warning was made by the court in consideration of appellant's rights, and to enable him to determine whether or not he would testify. He then concluded to and did not testify; whereupon the court entered an order revoking the prior probation order, following appellant's conviction of involuntary manslaughter in May, 1938, and then sentenced him to serve twelve months in jail in accordance with the findings in that prosecution. On January 5, 1939, appellant entered motion to set aside the revoking order made on December 21, 1938, and filed therewith his affidavit setting out the way and manner he was brought before the court at the time that order was made, but the court overruled that motion.

Appellant prosecutes this appeal in this court, but the record contains no statement of appeal, and we learn only from the briefs the orders of the court sought to be reviewed by us, and which as so stated in briefs are— the revoking order made on December 21, 1938, and the one made on January 5, 1939, overruling appellant's motion to set it aside. Each of them is based upon the same alleged error of the court and which is, the alleged failure of the court to pursue the directions pointed out in Section 979b-8 of Baldwin's 1936 Revision of Carroll's Kentucky Statutes. Among other things it says: "At any time during the period of probation or postponement of judgment, the court may issue a warrant and cause the defendant to be arrested for violating any of the conditions of probation or postponement or

rendition of judgment.'' Other parts of the section prescribe how arresting officers and probation officers may cause the probated prisoner to be apprehended and carried before the convicting court for a revoking of the order of probation.

Because the court in this instance did not issue a warrant for the arrest and apprehension of appellant, his counsel contends that the revoking order of Judge Mix was void for want of jurisdiction over the person of appellant thereby overlooking the well recognized rule that any litigant—in either a criminal prosecution or civil action—may come into court or appear therein and enter his appearance, either expressly or by entering into the proposed investigation—summary or otherwise—without objecting to the way and manner by which he was brought into or before the court. Furthermore, such one may and can expressly consent, or by failing to object enter into an immediate trial or investigation of the matters proposed to be investigated. When such a course is pursued in either i. e., (a) method of appearance or (b) entering into immediate trial, then the party so waiving or consenting may not thereafter rely on any of such defects and errors, though they might have been available to him if he had invoked them at the proper time. It should also not be overlooked that nowhere in the record at any stages of the proceedings complained of did appellant attempt to deny that he had violated the conditions of the probation order by committing the assault and battery for which he was arrested on December 20, 1938.

Probation statutes confer no greater rights on the probationer than is therein given. They all embody a species of grace extended to a convicted criminal whereby the court trying him is empowered—if in his discretion the circumstances are such as to justify it—to extend to the one convicted another chance to reform and become a better citizen and at the same time perform his task as a member of society, instead of becoming a burden upon the public treasury, not even earning his own support, much less that of those dependent upon him. The administration of the right being of that nature is vested entirely in the discretion of the trial court as to whether or not it will be extended in any particular case, and as to the conditions upon which it will be done if extended. Likewise, a wide discretion is given to the court as to when the probative period shall termi-

nate, or the causes for which the probation may be revoked. Appellant in this case was already in the custody of the law when the trial court ordered him brought before it for a hearing on the commonwealth's motion to revoke the probation order, and it would seem that there would be but little necessity for the issuing of a warrant for his arrest when at the same time he was a prisoner under arrest charged with the commission of a crime. But were it otherwise, then appellant waived strict compliance with the statute in the manner hereinbefore pointed out.

In reading this record we have not overlooked the fact that the bill of evidence containing the testimony heard at the trial of appellant's motion to set aside the revoking order was not filed in the trial court by any order of record, nor was the stenographer's transcript thereof approved by the trial judge; or was the purported stipulation of facts that occurred at the time the revoking order was made (December 21, 1938) signed by the commonwealth's attorney, but only by attorney for appellant. In such state of the record neither the bill of evidence nor the stipulation should be considered by us and which would leave for our consideration only the orders made by the court which, under settled rules, would be presumed to have been correctly and properly made and done. However, we have discussed and determined the case upon the merits by waiving the defects pointed out in the record because counsel for both sides so desired, and for which reason no motion was made by the commonwealth to strike such defective portions from the record.

For the reasons stated, the jugdment is affirmed.