PATRICK v. COMMONWEALTH.

Court of Appeals of Kentucky.

April 17, 1951.

uisite preliminary information is furnished to the officer or court issuing the warrant, such officer or court has no authority to issue the warrant, and, if he does so without sufficient information, the warrant is invalid. In such state of case a search made pursuant to the arrest likewise is invalid and the evidence should be suppressed on proper motion, which was made in this case.

Neither the warrant nor the affidavit upon which its issuance was based was produced at the trial. Upon ascertainment that they were lost, the Commonwealth and appellant entered into a written stipulation which was incorporated in the record. The stipulation recites: "That a lady came to the office of the County Judge of Magoffin County, H. J. Ramey, and informed him that she wanted a warrant for a man for selling her husband some liquor, but that she did not know his name, but that he was in a red car with a dented fender and was a bootlegger; that the contract or agreement for the sale of the whiskey was made here in the town of Salyersville, and that they drove to the rock quarry, just out of the city limits and a man by the name of Green Williams got out of the car and brought the liquor to him and the liquor was paid for there in the road. That the County Judge, knowing of only one car that answered that description, issued a warrant of arrest for the defendant, Bub Patrick, for selling intoxicating liquors to affiant's husband, in violation of the Local Option Law [KRS 242.010 et seq.], and delivered the same to the Sheriff of Magoffin County."

It is obvious that nothing contained in the affidavit of the unknown "lady" could lead any person to conclude, by process of reasoning, that Bub Patrick had sold the "liquor" to the "lady's" husband. The motion to suppress the evidence should have been sustained.

The judgment is reversed for proceedings consistent with this opinion.

Marcus Mann, and Mann & Mann, Salyersville, for appellant.

A. E. Funk, Atty. Gen., Guy L. Dickinson, Asst. Atty. Gen., for appellee.

VAN SANT, Commissioner.

Since appellant's conviction of having whiskey in his possession for the purpose of sale in Local Option Territory is supported only by evidence obtained upon a search of his automobile pursuant to a warrant of arrest, the judgment must be reversed if appellant is correct in his contention that the warrant of arrest was invalid.

In Harvey v. Commonwealth, 226 Ky. 36, 10 S.W.2d 471 we held that the provisions of Section 10 of our Constitution apply to the issuing of warrants of arrest the same as it does to the issuing of search warrants for the purpose of discovering evidence, and, unless the req-