Albert RIDLEY, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Feb. 10, 1956.

Frank E. Haddad, Jr., Louisville, for appellant.

J. D. Buckman, Jr., Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., for appellee.

STANLEY, Commissioner.

The appeal is by Albert Ridley from an order revoking probation of a sentence of ten years' imprisonment on a judgment of

guilt of armed robbery. The grounds of the appeal are that the statutory proceedings were not followed and the revocation was an abuse of discretion.

The appellant had pleaded guilty of the charge of which he was convicted. On motion of the Commonwealth's Attorney, he was placed on probation on June 9, 1949, during good behavior for a period of fifteen years. KRS 439.020. On March 5, 1955, on motion of the Commonwealth's Attorney to set aside the probation, the court ordered a bench warrant to issue for the defendant. He was arrested on April 1. After several continuances the court heard evidence concerning the conduct of the defendant after his probation. Upon that evidence the order of probation was set aside and judgment entered on the conviction of June 9, 1949.

The procedure for the arrest and revocation of probation is outlined in KRS 439.-050. We quote the statute with interpolations of numerals and emphasis on certain words for clearer reference:

"At any time during the period of probation or postponement of judgment, [1] the court may issue a warrant and cause the defendant to be arrested for violating any of the conditions of probation or postponement of rendition of judgment. [2] Any probation officer or other officer with power of arrest, upon request of the probation officer, may arrest a probationer without a warrant. In case of an arrest without a warrant the arresting officer shall have a written statement by the probation officer setting forth that the probationer has, in his judgment, violated the conditions of probation. That statement shall be sufficient warrant for the detention of the probationer in the county jail, or other appropriate place of detention, until the probationer is brought before the court. The probation officer *shall* forthwith report the arrest and detention to the court and submit in writing a report showing in what manner the probationer has violated probation. [3]

*Thereupon* the court, after a hearing, may revoke the probation or postponement of rendition of judgment and shall proceed to deal with the case as if there had been no probation or postponement of rendition of judgment. [4] The court may, without a hearing, revoke the probation or postponement of rendition of judgment if a certified copy of the order of another court is filed with him, which order shows that the probationer has been convicted of a subsequent crime and incarcerated in a penal institution."

The appellant contends that the statute mandatorily requires as a condition of the hearing and revocation of probation that the probation officer *shall* submit a written report as to the manner in which the defendant has violated the terms of his probation. He submits that a defendant may not be required to defend himself against an oral allegation of offenses or misconduct and that the purpose of the statute is to require the report of the probation officer or at least some sort of written accusation similar to an indictment.

Under our constitution the manner of probation must be by withholding entry of the judgment and suspending sentence. Lovelace v. Commonwealth, 285 Ky. 326, 147 S.W.2d 1029. In the first place, it is entirely within the discretion of the trial court whether a defendant shall be given his liberty conditionally. This is regarded as a privilege or a "species of grace extended to a convicted criminal" for his welfare and the welfare of organized society. Darden v. Commonwealth, 277 Ky. 75, 125 S.W.2d 1031, 1033. Similar broad discretion rests in the court to revoke the probation both in respect to initiation of a hearing and the disposition thereof. In the Darden case the defendant was already under arrest for another offense and was brought before the court by a rule. He raised no objection to that process. But in that opinion and in Huff v. Diebold, 313 Ky. 655, 233 S.W.2d 274, we held the process of a rule to be sufficient. In the present case there was a warrant.

The appellant, though represented by counsel, raised no objection to the procedure. A copy of the warrant is not in the record, but we may presume that it was in accordance with Sec. 10 of the Criminal Code and informed the accused why he was being arrested.

■ It is said in 24 C.J.S., Criminal Law, § 1618(10)(d), p. 195, "A probationer generally may be arrested, with or without a warrant, and brought before the court for an inquiry or hearing as to whether he has violated the conditions of his probation." Some statutes authorize a court to summarily revoke a suspension of sentence or probation without granting a trial or giving the defendant notice of a hearing. Idem, p. 193.

■ It is to be noted that provision [1] of the statute as quoted, without qualification, authorizes the court to issue a warrant. Provision [2] covers action by a probation officer. It is he who "shall" report the arrest which he has made and inform the court why he has brought the accused before the court. The word "Thereupon" in provision [3] we construe as relating to both provisions [1] and [2], for it is fair that even a convicted person be given a hearing. It is to be noted that provision [4] dispenses with such a hearing when the court has received formal knowledge that the accused has been convicted of a subsequent crime in another court. We think that the accused who has been favored with probation is not entitled to have observed the formalities of an initial presentment and trial upon a criminal charge although he is entitled to a fair and impartial hearing. If he has been convicted of a subsequent offense in the same court, that trial may be sufficient. The statutory procedure abundantly protects the probationer's rights and in this case it was fully observed.

At the time of his conviction of the crime of armed robbery, the appellant had been convicted of another crime and sentenced to five years in the penitentiary therefor, which was not suspended. Since the record shows that he was out of prison in May, 1951, we assume he was paroled within two years. On this hearing several police officers testified that the appellant appeared not to have been gainfully employed after his release from prison for he spent much of his time at a pool room at Walnut and Ninth Streets in Louisville. He was found running a crap game there when the place was raided. Two prisoners in the state reformatory testified in detail as to time, places and circumstances that this appellant, after his release from prison on parole, had been the leader of a gang of criminals and had participated in numerous burglaries, safecrackings and robberies. These two convicts, Davis and McElroy, had been convicted of the murder of a watchman at the River Road Country Club in Louisville while burglarizing the club. See DeBerry v. Commonwealth, Ky., 289 S.W.2d 495; Ford v. Commonwealth, Ky., 286 S.W.2d 518. They testified that the appellant, Ridley, was a participant in that crime. One of the pistols used in it was found in his house. The appellant's affidavit concerning another homicide was introduced. He stated in it that he and the man killed had been operating a racing handbook on August 23, 1953. He was arrested at the scene of that homicide and a loaded pistol was found in his car.

■ Further recitation of the evidence is superfluous. It shows that this probated defendant had immediately resumed a life of crime and had committed numerous crimes similar to that of which he was convicted when probated. He did not testify on the hearing or attempt to deny any of this testimony. His wife undertook to say that he had been employed from time to time in certain industries, had sold jewelry and watches and was at home on Sundays. She admitted he was seldom at home at night. The claim that the court abused a discretion in revoking the appellant's probation is ridiculous. It would have been a travesty on justice not to have done so.

The judgment is affirmed.