**Don GROSS, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 16, 1956.

Dissenting Opinion March 23, 1956.

Walter B. Smith, Louisville, for appellant.

J. D. Buckman, Jr., Atty. Gen., William F. Simpson, Asst. Atty. Gen., for appellee.

HOGG, Judge.

Don Gross appeals from a judgment of the Fayette Circuit Court wherein he was convicted under a warrant charging him with the offense of selling beer without a license, in violation of KRS 243.040, and his punishment fixed at a fine of $200 and imprisonment in the county jail for a period of six months. He was first convicted in a justice of the peace court and had appealed to the circuit court. As grounds for reversal, he urges (1) the court was without jurisdiction to try him on the charge of selling beer without a license, and (2) the evidence was insufficient to sustain the verdict.

In considering the first ground urged for reversal, it will be necessary to review certain steps taken and the procedure had in the justice court because, it is claimed, the justice court judgment was wholly without foundation and void, and consequently the circuit court had no jurisdiction to try the case under the warrant which was brought to that court on appeal. On November 7, 1954, James Gorham made, and there was filed before the justice of the peace, an affidavit stating that Don Gross had, on November 6, committed the offense of "selling beer to minors." Upon the filing of the affidavit, a warrant issued for Gross charging him with the offense of selling beer to minors. He was arrested and produced in court, and on November 29 tried by the justice of the peace, sitting as a trial judge. After all the evidence had been introduced and heard, the justice determined that the evidence was insufficient to convict Gross of the offense of selling beer to minors, but rendered a judgment convicting him of an entirely different offense; namely, selling beer without a license, in violation of KRS 243.040, and fixed his punishment at a fine of $200. The justice then ordered that the warrant be changed to read that the offense charged was selling beer without a license, to conform to the judgment of conviction. Thereafter, Gross perfected his appeal to the circuit court.

The principal question is: Did the justice of the peace have the power to render the judgment he rendered in such a summary manner, and to change the warrant to read and to accuse Gross of an entirely different offense from that with which he was originally charged? If the answer is in the negative, then the entire proceeding in the justice court was coram non judice. If the justice had no right and was without power to make the substitution in the warrant after the trial, and was without jurisdiction to render the judgment he did render, then it seems the conviction was

void and the circuit court was without jurisdiction to try the case. Klyman v. Commonwealth, 97 Ky. 484, 30 S.W. 985; Ritter v. Bruce, Ky., 239 S.W.2d 449.

In 14 Am.Jur., Criminal Law, section 215, it is said:

"* * * To give a magistrate or justice of the peace jurisdiction over the person of anyone charged with the violation of the criminal law, the first step necessary is the filing of a sworn complaint (information or oath) describing the offense and the person charged with its commission. A complaint filed afterward comes too late and does not relate back so as to confer jurisdiction at the time of the trial." (Our parenthesis.)

Also in the same section we find this:

"* * * Whether an inferior court has jurisdiction of a particular offense must be determined by the allegations of the complaint and not by the facts proved on the trial."

In the case at hand, "no information on oath" or sworn complaint of any nature was filed or had before the changing of the warrant. Section 31 of the Criminal Code of Practice requires that a magistrate shall issue a warrant for a person charged with the commission of a public offense when from his personal knowledge, or from information given to him on oath, he shall be satisfied that there are reasonable grounds for believing the charge. However the provision of the Code that a warrant may be issued from the personal knowledge of the magistrate has been held unconstitutional because such provision is in conflict with section 10 of the Constitution of Kentucky. In Clark v. Hampton, 163 Ky. 698, 174 S.W. 490, 491, it is said:

"And a warrant issued without preliminary oath or affirmation is unlawful and insufficient to confer upon the magistrate jurisdiction of the person of the accused."

In 22 C.J.S., Criminal Law, § 403(3), at page 617, it is said:

"As a general rule the amendment, or the substituted warrant or complaint, must not change the nature of the offense or add a new or different offense."

The Commonwealth argues that we have many times held that a warrant issued in a misdemeanor case may be amended. So it is. We have held it is allowable to amend a warrant where it is defective. But we have never held that a warrant can be changed after trial to set up an entirely different and distinct offense, as was done in this case. Undoubtedly, the defendant is always entitled to know in advance the specific charge against him in order to prepare his defense.

Without stopping to consider the constitutional question involved in such a course of action as is manifested in this record, it is sufficient to say that there can be no precedent found for such judicial action. In the case of Commonwealth v. Adams, 92 Ky. 134, 17 S.W. 276, the defendant was indicted for forgery. The court, with the consent of the defendant, changed the charge in the indictment from forgery to obtaining goods under false pretense before any trial was had. In deciding that the court had no right to change the indictment, the court stated at page 277 of 17 S.W.:

"* * * Such a practice, were it lawful, would certainly not be a desirable one. The law creates courts and defines their powers. Consent cannot authorize a judge to do what the law has not given him the power to do. The act of the court in this instance was not a mere irregular exercise of a power. If so, consent would have cured it. But it was an act beyond its power. It is the sole province of the grand jury, under our law, to find an indictment. It, and not the court, must say upon what charge the party shall be arraigned. The grand jury had not accused the defendant of obtaining goods under false pretenses, but with the crime of forgery; and the judge had no power to assume its duties, and

alter the charge as fixed by it. There is a total want of power to thus act. Such a power is unknown to the law, and the act is not in conformity to the law of the land. * * *"

■ The motive which prompted the justice of the peace in convicting Gross on a charge with which he had not been previously charged, and in changing the warrant as above stated, was doubtless good and intended to further the ends of justice; but such a practice is not to be approved where there is no authority in the law for it. We, therefore, are constrained to hold that the altered warrant was not legally issued; the judgment was wrongfully entered; no jurisdiction attached; and the entire proceedings were void.

■ It is obvious that since the justice of the peace did not have jurisdiction, the circuit court could not acquire jurisdiction on the appeal. Further, under KRS 455.-080 a person charged with a misdemeanor may be tried on information or warrant in circuit court only where the maximum punishment for the offense is a fine of $100 and imprisonment of 50 days. Here, the maximum penalty provided for violation of either KRS 243.040 or KRS 244.080 exceeded those limits. It is apparent that even if the prosecution should be considered as one originating in the circuit court, such court would not have had jurisdiction to proceed by warrant but must proceed by indictment under section 9, Kentucky Criminal Code. Singleton v. Commonwealth, 306 Ky. 454, 208 S.W.2d 325.

Since we have reached the conclusion we have, it is unnecessary to consider ground two urged on this appeal.

The judgment is reversed for proceedings not inconsistent with this opinion.

MILLIKEN, Chief Justice (dissenting).

The majority opinion holds that the judgment of the magistrate's court is void, hence the circuit court acquired no jurisdiction to try the appeal de novo.

If the judgment of the magistrate's court is void it must be from: (1) Want of jurisdiction over the offense charged (which includes power to render the particular sentence imposed as punishment), or (2) want of jurisdiction over the person charged with the offense. See, 14 Am.Jur., Criminal Law, Section 214; 22 C.J.S., Criminal Law, § 108.

The proceedings show that appellant appeared in the magistrate's court to stand trial on a warrant charging him with selling beer to minors. KRS 244.080. Upon trial there was testimony appellant had committed the offense of vending beer without a license. KRS 243.040. The magistrate, sua sponte, and without objection, amended the warrant to charge the latter offense and thereafter entered judgment convicting appellant under the amended warrant.

Since the offenses charged in the warrant were merely misdemeanors for which the statutes prescribed limited punishment, KRS 243.990 and 244.990, unquestionably the magistrate had jurisdiction of these offenses. See, KRS 25.010.

The majority opinion states that the magistrate never acquired jurisdiction over the person of the appellant because at the time of the trial no warrant had been issued charging him with the particular offense of which he was convicted. However, by the express provision of Section 330 of our Criminal Code no warrant or written information was necessary. See, Bitzer v. Com., 141 Ky. 58, 132 S.W. 179. Moreover, a warrant had been issued by the magistrate charging appellant with the commission of a misdemeanor which was amended without objection to embrace the misdemeanor upon which appellant was convicted. This Court has frequently held that a warrant issued in a misdemeanor case may be amended, and an amendment may be made in the circuit court when the case has been appealed there from an inferior court. Pabst Brewing Co. v. Com., 107 S.W. 728, 32 Ky.Law Rep. 1010; City of Louisville v. Wehmhoff, 116 Ky. 812, 76 S.W. 876, 79 S.W. 201.

The warrant was amended by the magistrate on sworn testimony that was introduced upon the trial. Such procedure is authorized by Sections 31, 326 and 327 of our Criminal Code. No doubt, the magistrate could have issued a summons or a new warrant based on this testimony charging appellant with the offense of which he was convicted. Vogt v. Field, 195 Ky. 401, 242 S.W. 361. Since the appellant was before the magistrate in open court when the charge against him was amended, it is obvious that the formality of issuing a summons or warrant to be served upon him was rendered unnecessary because he was then and there before the magistrate and had legal notice of the charge. Prater v. Com., 216 Ky. 451, 287 S.W. 951. To resolve any further doubt about this question, I quote from Darden v. Com., 277 Ky. 75, 125 S.W.2d 1031, 1032, wherein this Court said:

"* * * Because the court in this instance did not issue a warrant for the arrest and apprehension of appellant, his counsel contends that the revoking order of Judge Mix was void for want of jurisdiction over the person of appellant thereby overlooking the well recognized rule that any litigant—in either a criminal prosecution or civil action—may come into court or appear therein and enter his appearance, either expressly or by entering into the proposed investigation—summary or otherwise—without objecting to the way and manner by which he was brought into or before the court. Furthermore, such one may and can expressly consent, or by failing to object enter into an immediate trial or investigation of the matters proposed to be investigated. When such a course is pursued in either, i. e., (a) method of appearance or (b) entering into immediate trial, then the party so waiving or consenting may not thereafter rely on any of such defects and errors, though they might have been available

to him if he had invoked them at the proper time. * * *."

In common parlance the case was "docketed or booked for trial." Certainly by his failure to object to the proceeding, appellant entered his appearance. Ritchie v. Com., 229 Ky. 654, 17 S.W.2d 738; 14 Am. Jur., 15, Criminal Law, Section 214. Under the facts appearing, jurisdiction of the magistrate's court over the person of the appellant was plainly established. Darden v. Com., 277 Ky. 75, 125 S.W.2d 1031; Ritchie v. Com., 229 Ky. 654, 17 S.W.2d 738; 22 C.J.S., Criminal Law, § 147; 14 Am.Jur., Criminal Law, Section 214.

The procedure in inferior courts of amending warrants with consent of the defendants is an established practice. The case of Commonwealth v. Adams, cited in the majority opinion to the effect that a judge cannot change an indictment, is not authority militating against the amending of a warrant. A circuit judge does not have authority to return an indictment, therefore he has no authority to amend one. A magistrate does have authority to issue a warrant. I shall not further belabor the distinction.

Any error in the summary manner in which appellant was convicted in the inferior court was corrected on the appeal to the circuit court where he had a trial de novo before a jury.

As concerns appellant's guilt or innocence, the record reflects that he stipulated upon his trial in the circuit court that he did not have a license to sell beer. I think the proof was sufficient to support the jury's verdict on the issue of whether he had sold beer. It is not the judgment of the magistrate's court that inflicts punishment upon the appellant, but the judgment rendered on the verdict of the jury in the circuit court.

For the reasons stated, I dissent from the majority opinion.