Eugene HARDIN, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

March 6, 1959.

Rehearing Denied Oct. 2, 1959.

See also, Ky., 317 S.W.2d 498.

Frank E. Haddad, Jr., Louisville, for appellant.

Jo M. Ferguson, Atty. Gen., William L. Brooks, Asst. Atty. Gen., for appellee.

WADDILL, Commissioner.

The appeal is from an order of the Jefferson Circuit Court, Criminal Branch, First Division, revoking probation on two convictions and sentencing appellant to prison for a period of four years. The grounds of the appeal are that the court: (1) Abused its discretion in revoking appellant's probation; (2) erred in refusing to correct its order sentencing appellant to prison for a term of four years; and, (3) erred in directing the sentences to be served consecutively instead of concurrently.

Appellant was indicted on two separate counts of grand larceny. On

March 26, 1957, appellant, with counsel, appeared for trial, pleaded guilty to both charges, and waived trial by jury. Thereupon, the court fixed his punishment at two years' confinement in prison on each charge. Appellant was granted probation, during good behavior, for a period of five years. KRS 439.260, 439.270.

Thereafter, appellant was indicted on the charge of possessing burglary tools, and had also been granted probation by a West Virginia Court following his conviction in that state on a felony charge.

On April 4, 1958, the court, following a hearing on the motion of the Commonwealth's Attorney to revoke probation, set aside the order granting probation and sentenced appellant to prison for a period of two years on each of the convictions of March 26, 1957. The judgment specifically provided for the sentences to be served consecutively.

Inasmuch as it appears that appellant participated in much unlawful activity during the period of probation, his claim that the court abused its discretion in revoking his probation is without merit and deserves no further consideration from this Court.

■■ Notwithstanding the fact that the order entered on March 26, 1957, shows that the court fixed appellant's punishment at four years' confinement in prison, appellant claims the court fixed his punishment at only two years' imprisonment. He introduced testimony to the effect that he and his attorney, as well as the Assistant Commonwealth's Attorney, thought that the court had fixed his punishment at two years' imprisonment. He urges that the court erred in failing to sustain his motion to correct the record in accordance with the testimony he introduced.

We think it is sufficient to say that the court did not err in overruling the motion, first, because the testimony was wholly incompetent to impeach an official record, and secondly, because a judgment cannot be collaterally attacked in this manner.

Appellant further contends that inasmuch as the order of the court of March 26, 1957, which fixed his punishment at two years' imprisonment on each count of grand larceny, did not contain a statement as to whether the sentences should be served consecutively or concurrently, it is presumed that the sentences should be served concurrently.

■ Apparently, appellant has overlooked the fact that judgment was not entered on the convictions until after his probation was revoked. The court followed the proper procedure and sentenced appellant to prison following revocation of probation. Ridley v. Commonwealth, Ky., 287 S.W.2d 156. The judgment entered on April 4, 1958, which sentenced appellant to prison, specifically stated that. the sentences shall be served consecutively. See, Criminal Code of Practice, Section 288.

Judgment affirmed.