## Joe WRIGHT, Appellant,

### v.

## COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

June 11, 1965.

Joseph S. Freeland, Paducah, for appellant.

Robert Matthews, Atty. Gen., Martin Glazer, Asst. Atty. Gen., for appellee.

MOREMEN, Chief Justice.

Appellant, Joe Wright, was convicted in the Calloway Circuit Court upon a plea of guilty of the offense of stealing cattle which is denounced by KRS 433.250. He was sentenced to two years' confinement in the state penitentiary, but the sentence was suspended and Wright was placed under probation for a period of three years, upon the usual conditions, by an order entered March 4, 1964.

On July 22, 1964, after reciting facts concerning the conviction and sentencing of Wright, and the fact that the sentence was probated, the court entered an order which reads in part as follows:

"It now appears to the court that the defendant has failed to abide by the conditions of probation and has violated said conditions.

"Therefore, it is hereby ordered that said probation is revoked and the clerk of this court is ordered to forthwith issue a bench warrant for the arrest of the defendant Joe Wright."

Two days later, on July 24, 1964, the following order was entered:

"The defendant was this day brought into Court, and being informed of the nature of the indictment, on the charge of cattle stealing, plea and verdict was asked if he had any legal cause to show why judgment should not now be pronounced against him; and none being shown, IT IS ADJUDGED that the defendant be taken by the Sheriff of Calloway County to the jail of Calloway County and from there by the Sheriff of said County to the State Penitentiary at Eddyville, Kentucky, and there confined at hard labor for a period of two years.

"This the 24th day of July, 1964."

On August 17, 1964, appellant filed a motion under RCr 11.42 to vacate the order of July 22, 1964, on the ground that his probation was revoked without a hearing and in violation of the terms of KRS 439.300. The Commonwealth of Kentucky filed a response in which it stated that information had come to the law enforcement officers and to the probation officer for that judicial district that appellant had violated the terms under which his sentence of imprisonment was probated and that

upon such information a bench warrant was issued and appellant was arrested pursuant to that warrant. It was further stated that on July 24, 1964, a hearing was held to determine whether appellant had in fact violated the conditions of his probation and as a result of said hearing the court determined that the appellant had violated those conditions and the probation was revoked.

KRS 439.300 provides that at any time during the probation the court may issue a warrant and cause the arrest of a probationer upon the violation of any conditions of the probation and after the arrest by warrant the court shall cause the defendant to be brought before it and may continue or revoke the probation and may cause the sentence which had been imposed to be executed.

Appellant bases his argument that he is being improperly detained upon the theory that the court in its order of July 22, 1964, when a bench warrant was issued, also ordered that the probation be revoked and therefore the revocation was had without a hearing on the issue of whether he had broken the conditions of the order of suspension of sentence. The use of this word "revoke" was not in its most widely accepted meaning, but, in fact, the probationer's freedom does end upon arrest under the warrant. So, in effect, when the warrant issues the probation period is at an end. We agree that a revocation of probation should not be had without a hearing, and a hearing was had two days after the issuance of the warrant as shown by the order entered July 24, 1964, quoted above, and by the response filed by the Commonwealth. It was after this hearing that sentence was finally imposed and appellant was transferred to the state penitentiary—so the word "revoke" as used in the first order is not sustained by the facts of this case.

We have held that an accused who has been favored with probation is not en-

titled at a hearing concerning its revocation to have observed the formalities of an initial presentment and trial upon a criminal charge. He is entitled, however, to a fair hearing. Ridley v. Commonwealth, Ky., 287 S.W.2d 156.

The record indicates that there was a hearing on July 24, 1964, and in the absence of any showing to the contrary we must assume that it was a fair hearing. In any event we do not believe that the allegations of the motions under RCr 11.42 show a violation of a constitutional right or the violation of a statute of sufficient import to render the conviction void and subject to collateral attack. See Tipton v. Commonwealth, Ky., 376 S.W.2d 290. The order of July 24 which caused the judgment of conviction to be executed was a final order that could have been tested upon direct appeal which appellant failed to do. RCr 11.42 is therefore not available.

Judgment affirmed.