George BRUMMETT, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Nov. 22, 1968.

George Brummett, pro se, William E. Johnson, Frankfort, for appellant.

John B. Breckinridge, Atty. Gen., H. N. McTyeire, Asst. Atty. Gen., Frankfort, for appellee.

PALMORE, Judge.

On March 22, 1966, the appellant, George Brummett, with the advice and assistance of counsel, pleaded guilty in the Bell Circuit Court to a charge of malicious shooting (KRS 435.170) and was sentenced to five years in prison. He immediately moved that he be placed on probation, and by a separate order entered on the same day the motion was sustained. On March 28, 1966, Brummett was brought before the circuit court by the jailer of Bell County "charged with a felony and he was this day informed that a hearing will be held on Friday, April 1, 1966, to determine if his probation should be revoked." On April 1, 1966, a hearing was held at which Brummett was not represented by counsel, and his probation was revoked.

This is an RCr 11.42 proceeding in which Brummett seeks to vacate the order revoking the probation of his sentence, upon the ground that he was constitutionally entitled to the assistance of counsel at the April 1, 1966, hearing. Cf. Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967). He appeals from an order overruling the RCr 11.42 motion.

It appears from the record of a previous appeal by Brummett to this court that on March 31, 1966, the Bell County Grand Jury indicted him for the offense of storehouse breaking (KRS 433.190) and possession of burglarious tools (KRS 433.120), alleged to have been committed on March 26, 1966; that with the assistance and advice of appointed counsel he thereafter pleaded guilty to the storehouse breaking charge and on May 21, 1966, was sentenced to one year in prison, the sentence to run consecutively with the five-year sentence theretofore imposed on the shooting charge; and that he subsequently brought an unsuccessful RCr 11.42 attack on that judgment, which was affirmed by an order of this court.

There are differences between the sentencing procedure under review by the Supreme Court in Mempa v. Rhay, supra, and the sentencing procedure in this state, but we need not in this case decide whether they justify a different result with respect to the right to counsel at a hearing held incident to the revocation of an order placing a convicted felon under probation, because Brummett's conviction on May 21, 1966, of storehouse breaking, another felony, authorized a revocation without a hearing.

KRS 439.300(3) provides as follows:

"The court without a hearing may revoke the probation if a verified copy of the order of another court is filed with him, showing that the probationer

has been convicted of a subsequent crime and is incarcerated in a penal institution."

Since the May 21, 1966, conviction occurred in the same court, it was within the judicial knowledge of the trial court and was grounds for revocation without a hearing. Even if it be assumed that Brummett was entitled to counsel at the time the hearing was held on April 1, 1966, the omission was cured by his subsequent conviction of another felony. We consider that it would be a vain gesture to set aside the April 1, 1966, order only to have it immediately succeeded by another and valid order to the same effect.

The order is affirmed.

All concur.