**Yewell Alonzo KING, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 1, 1971.

David Kaplan, Stuart L. Lyon, Edward T. Brady, Jr., Louisville, for appellant.

John B. Breckinridge, Atty. Gen., George F. Rabe, Asst. Atty. Gen., Frankfort, for appellee.

VANCE, Commissioner.

The appellant entered a plea of guilty to the offense of dwelling house breaking. KRS 433.180. He was sentenced to imprisonment for a period of five years but the order directing that he be taken to the penitentiary for confinement was withheld pursuant to KRS 439.260 and appellant was placed on probation.

Thereafter appellant was charged again with housebreaking and proceedings were instituted to revoke his probation. At the hearing on the motion to revoke probation, evidence was introduced to show that property stolen in the subsequent break-in was found upon appellant's premises. Appellant objected to the introduction of this evidence at the probation hearing on the ground that it was discovered as the result of an illegal search and should have been suppressed.

An order was entered revoking probation and this appeal followed. On the motion of the Commonwealth we dismissed the appeal and appellant has moved for a reconsideration of the order dismissing the appeal.

KRS 21.140(1) provides:

"A defendant may appeal as a matter of right to the Court of Appeals from a final judgment of the circuit court imposing a sentence of confinement or imprisonment of twelve months or more."

■ The appellant did not take an appeal from the final judgment of conviction of dwelling house breaking and does not now seek to question that judgment. His attempted appeal seeks to reverse the order of the circuit court which revoked his probation and that order is not a final judg-

ment of conviction from which an appeal is authorized by KRS 21.140.

■ Whether probation should be granted in any particular case is a question addressing itself to the discretion of the trial court. When granted, it is a matter of grace and not of right. The statutes relating to probation and the revocation thereof do not authorize an appeal from an order which revokes probation. KRS 439.260–439.300.

We are confronted with cases however which have considered the subject of revocation of probation. Brummett v. Commonwealth, Ky., 434 S.W.2d 326 (1968); Weigand v. Commonwealth, Ky., 397 S.W. 2d 780 (1966); Wright v. Commonwealth, Ky., 391 S.W.2d 685 (1965); Ridley v. Commonwealth, Ky., 287 S.W.2d 156 (1956) and Lovelace v. Commonwealth, 285 Ky. 326, 147 S.W.2d 1029 (1941).

In *Brummett* and *Wright* the subject of revocation of probation was considered but those cases involved appeals from judgments denying post-conviction relief under RCr 11.42 and were not direct appeals from an order revoking probation. *Lovelace* considered the constitutionality of the act authorizing probation but the appeal was actually from a final judgment of conviction imposing a sentence of two years. *Weigand* and *Ridley* each dealt with the propriety of revocation of probation but the question of the appealability of the order was not raised or discussed. This appears to be the first case in which we have been called upon to decide whether an appeal lies from an order of the trial court revoking the probation of one convicted of crime.

We hold that an order revoking probation pursuant to KRS 439.300 is not an appealable order. The order dismissing the appeal was proper and appellant's motion to reconsider it is therefore overruled.

All concur.